George M. Cruickshank
ABA No. 0105019
Gordon Rees Scully Mansukhani, LLP
P.O. Box 220994
Anchorage, AK 99522
Phone: (907) 223-0199
Fax: (907) 302-5100
Email: gcruickshank@grsm.com

Shannon L. Wodnik, *pro hac vice*
Gordon Rees Scully Mansukhani, LLP
701 Fifth Ave., Ste. 2100
Seattle, WA 98104
Phone: (206) 695-5100
Fax: (206) 689-2822
Email: swodnik@grsm.com

Attorneys for Defendant Transamerica
Life Insurance Company

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LILA SYCKS and VERNON SYCKS,<br><br>          Plaintiffs,<br><br>   v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY; and BANKERS UNITED LIFE ASSUARANCE COMPANY,<br><br>          Defendants. | Case No. 3:22-cv-00010-JMK |

**DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S MOTION TO DISMISS COMPLAINT**

DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S MOTION
TO DISMISS COMPLAINT - 1
Sycks v. Transamerica, et al.
Case No. 3:22-cv-00010-JMK

## I. INTRODUCTION AND RELIEF REQUESTED

Defendant Transamerica Life Insurance Company ("Transamerica")[1] moves to dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), because Plaintiffs, Lila Sycks and Vernon Sycks, have failed to state a claim upon which relief can be granted. This lawsuit arises from the lapse and expiration of Plaintiffs' Last Survivor Flexible Premium Interest Indexed Universal Life Insurance Policy Number B119812 ("Policy") in 2021 following Plaintiffs' failure to pay premiums owed on the Policy. Assuming the allegations in the Complaint to be true, there is no question that the Sycks failed to pay premium that was necessary to keep their Policy in force, after which the Policy expired by its terms. There is also no question that the alleged conduct by Transamerica satisfied its obligations under the Policy and the implied covenant of good faith and fair dealing.

## II. ALLEGATIONS PLEAD IN THE COMPLAINT

In the Complaint, Plaintiffs assert causes of action for declaratory judgment, breach of contract, and breach of the covenant of good faith and fair dealing ("bad faith") in relation to the lapse and expiration of the Policy for nonpayment of premium.

Plaintiffs allege that when they purchased the Policy in 1993, they paid $50,000 as the "maximum total premium" required under the Policy. Complaint, ¶¶ 7-9. Plaintiffs allege that for over twenty-eight years, they relied upon the assurances and protections of the Policy. *Id.*, ¶ 10. Plaintiffs allege that when the Sycks had reached the ages of 91 and 86, Transamerica announced the Policy would lapse absent payment by the Sycks of additional premium. A copy of this "lapse notice", dated June 3, 2021,

---

[1] Plaintiffs also named Bankers United Life Assurance Company ("Bankers United") as a defendant. Banker United merged into Life Investors Insurance Company of America ("Life Investors") in 2001. In 2008, Life Investors merged into Transamerica. All references herein to Transamerica include Bankers United unless otherwise noted.

DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S MOTION
TO DISMISS COMPLAINT - 2
Sycks v. Transamerica, et al.
Case No. 3:22-cv-00010-JMK

**Gordon Rees Scully Mansukhani, LLP**
P.O. Box 220994, Anchorage, AK 99522

is attached to the Complaint as Exhibit 2. *Id.*, ¶ 11. Plaintiffs allege that they asked Transamerica to withdraw the lapse notice and continue providing the benefits of the Policy without payment of additional premium, but Transamerica refused this request, repudiating its obligations under the Policy. *Id.*, at ¶¶ 12-13. Plaintiffs allege that Transamerica's refusal of the Sycks' request, to maintain the Policy in force without additional premiums, was made without full and complete investigation by Defendants into the facts and the law, such that Defendants had no reasonable basis for their position, and was made as part of a fraudulent misrepresentation of the terms and conditions and content of the Policy. *Id.*, at ¶¶ 14-15.

Plaintiffs seek a declaratory judgment that Transamerica is obligated to fully perform its obligations under the Policy, is obligated to reinstate the Policy without lapse, and is obligated to extend to the Sycks the benefits of the Policy without further demand for additional payment of money from the Sycks. Complaint, at ¶ 19. Plaintiffs also seek emotional distress and "other non-economic damages." *Id*., at ¶ 25. Plaintiffs also allege they are entitled to an award of punitive damages, alleging that the acts and omissions of Transamerica and its agents "have been outrageous and were undertaken intentionally by Defendants for the purpose of achieving financial gain at the financial expense of the Sycks, and with reckless disregard of the interests and rights of the Sycks." *Id.*, at ¶ 30.

### III. AUTHORITY AND ARGUMENT

#### A. A MOTION TO DISMISS UNDER RULE 12(b)(6) MUST BE GRANTED IF THE ALLEGATIONS DO NOT SUPPORT A CLAIM

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") tests the legal sufficiency of a plaintiff's claims. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light

DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S MOTION
TO DISMISS COMPLAINT - 3
Sycks v. Transamerica, et al.
Case No. 3:22-cv-00010-JMK

Case 3:22-cv-00010-JMK   Document 15   Filed 03/03/22   Page 3 of 13

**Gordon Rees Scully Mansukhani, LLP**
P.O. Box 220994, Anchorage, AK 99522

most favorable to the nonmoving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). Dismissal is proper under Rule 12(b)(6) where a complaint fails to state a cognizable claim and does not provide the grounds for a plaintiff's right to relief on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level…."). A claim for relief in federal court "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Washington Energy Co.,* 83 F.3d 1136, 1140 (9th Cir. 1996).

To survive a motion to dismiss, a plaintiff's allegations must include "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). See also *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) ("Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Plausibility is not "akin" to probability, "but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009).

In ruling on a Rule 12(b)(6) motion, "a district court may not consider any material beyond the pleadings." *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001), *citing Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994). However, the court may

DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S MOTION TO DISMISS COMPLAINT - 4
Sycks v. Transamerica, et al.
Case No. 3:22-cv-00010-JMK

Case 3:22-cv-00010-JMK   Document 15   Filed 03/03/22   Page 4 of 13

consider documents "whose contents are incorporated into and integral to the complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *T&H Servs., LLC v. Choctaw Def. Servs.*, 2019 U.S. Dist. LEXIS 101898, *7, 2019 WL 2505028 (U.S.D.C., D. Alaska, June 17, 2019), citing *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994).

### B. Plaintiffs' Allegations Fail to Support Their Claim for Declaratory Relief

Plaintiffs seek a declaration that Defendants must continue the Policy in force without payment of additional premiums. However, a review of the terms of the Policy demonstrate that Plaintiffs' allegations do not plausibly support a contractual duty for Transamerica to maintain the Policy in force without payment of the required premium.

#### 1. The Policy

The Policy was issued by Bankers United Life Assurance Company to both Vernon and Lila Sycks with an effective policy date of June 2, 1993. Complaint, Exh. 1 at 3. The Policy provided a death benefit of $231,160.43. *Id.* The Sycks paid an initial premium of $50,000. *Id.*

As indicated in the title of the Policy, "Last Survivor Flexible Premium Interest Indexed Universal Life Insurance Policy", the premiums are "flexible," but they are subject to the requirements and limitations set forth in the Policy. Complaint, Exh. 1 at 7-8. These requirements include that premium is owed to keep the Policy in force when the accumulation value of the policy is no longer enough to cover the monthly deduction amount for the cost of insurance. *Id.,* at 8. When premium is due, the Policy goes into a grace period and if the required premium is not paid before expiration of the

DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S MOTION
TO DISMISS COMPLAINT - 5
Sycks v. Transamerica, et al.
Case No. 3:22-cv-00010-JMK

grace period, the policy lapses. *Id.* The Policy can be reinstated after a lapse for nonpayment of the premium, if certain conditions are met. *Id.*

The premium requirements and limitations are set forth in the section of the Policy entitled "Premiums", with subheadings for "Grace Period" and "Reinstatement." Complaint, Exh. 1 at 7-8. This section provides, in pertinent part as follows:

> Premiums may be paid in any amounts, at any times, you elect, while one of the Insureds remains alive, and subject to requirements and limitations described below.
>
> The initial premium is due on the Policy Date. … You may pay succeeding premiums in amounts and on dates you elect, as long as the total of premiums paid in any policy year after the first does not exceed the Maximum Annual Premium, and the total of premiums paid in all policy years does not exceed the greater of the Maximum Single Premium and the Maximum Annual Premium multiplied by the number of Policy Years… this policy has been in force. These Maximum Premium amounts are shown on page 3 [2].
>
> …
>
> Grace Period  We allow a 61-day grace period following the date a premium payment is required to keep this policy in force. A premium will be required if, on the last day of a policy month, the Policy Value is less than the Monthly Deduction scheduled to be made. Your policy will continue in force during the grace period. If we do not receive payment equal to at least two Monthly Deductions, this policy will lapse without further value, as of the last day of the Policy Month for which the last Monthly Deduction was made, but not until we

---

[2] The Policy Specifications on page three indicate: "Maximum Annual Premium: $5,184.93 and Maximum Total Premium: $50,000.00."

DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S MOTION
TO DISMISS COMPLAINT - 6
Sycks v. Transamerica, et al.
Case No. 3:22-cv-00010-JMK

mail a 31-day notice to you at your last known address.

*Id.* at 7-8.

The next subheading in the "Premiums" section of the Policy is "Reinstatement." Complaint, Exh. 1 at 8. This subsection provides the requirements for reinstatement after the Policy has lapsed for nonpayment of premium. These requirements include the payment of premium in an amount at least equal to two Monthly Deductions[3].

Additionally, the application materials make up part of the Policy[4] and they included an illustration prepared for the Plaintiffs that provided information regarding when the Policy would require additional premium to remain in force given their initial premium payment of $50,000.00 ("Illustration"). The "duplicate copy" of the Policy that Transamerica provided to Plaintiffs in 2021, as referenced in paragraph 6 of the Complaint, included the Illustration, which is entitled "Statement of Policy Cost and Benefit Information." See Declaration of Emily Tracey ("Tracey Decl."), Exh. A, p. 27.

The Illustration provides that the Policy would lapse after a certain amount of time if Plaintiffs did not pay any additional premiums over their initial $50,000 premium payment. Tracey Decl., Exh. A, p. 27. The Illustration shows the projected policy value over the first ten years of the life of the Policy at an interest rate of 7.02% versus the guaranteed values over time of 4%, given Plaintiffs' initial premium payment of $50,000. The Illustration also indicates that the values will be different than those shown depending on payment of premiums, policy loans or withdrawals, or

---

[3] The Policy explains the monthly deductions in a section of the Policy, titled "Monthly Deductions" which immediately follows the "Premiums" sections.

[4] The Policy expressly provides under the subheading "Entire Contract" in its "General Provisions" section: "All of [the Policy's] pages, the applications, copies of which are attached at issue, and all endorsements and imprinted or attached riders make up the entire contract." Complaint, Exh. 1 at p. 18.

DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S MOTION
TO DISMISS COMPLAINT - 7
Sycks v. Transamerica, et al.
Case No. 3:22-cv-00010-JMK

current interest and Cost of Insurance rates. Most importantly, it states, "The policy will terminate without further value, based on guaranteed interest and Cost of Insurance rates, if additional premiums are not paid before the end of the 24th policy year." The Sycks did not pay any further premium, and the policy outperformed this estimate, but it did eventually lapse.

Transamerica provide Plaintiffs notice that the Policy would lapse if they did not pay the required premium in a letter dated June 3, 2021. Complaint, Exh. 2. Plaintiffs do not dispute that they did not pay the required premium in response to this notice. Rather, they complain that Transamerica refused to withdraw the lapse notice and the request for additional premium. Plaintiffs insist that they satisfied their contractual obligation to pay premium on the Policy when they paid the initial premium of $50,000 in 1993.

### 2. Alaska Rules of Policy Interpretation Do Not Support a Declaratory Judgment that Transamerica is Required to Maintain the Policy in Force Despite Plaintiffs' Failure to Pay the Required Premium

In diversity cases, state law governs determination of substantive matters. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78-80, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Under Alaska law, "contract interpretation is a question of law." *ConocoPhillips Alaska, Inc. v. Williams Alaska Petroleum, Inc.*, 322 P.3d 114, 122 (Alaska 2014). "The construction of an insurance contract is a matter for the court, unless its interpretation is dependent upon the resolution of controverted facts." *O'Neill Investigations, Inc. v. Ill. Employers Ins. Of Wausau*, 636 P.2d 1170, 1173 (Alaska 1981).

"In addressing the proper interpretation of an insurance policy, [Alaska courts] look to '(1) the language of the disputed provisions in the policy, (2) other provisions in

DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S MOTION
TO DISMISS COMPLAINT - 8
Sycks v. Transamerica, et al.
Case No. 3:22-cv-00010-JMK

the policy, (3) extrinsic evidence, and (4) case law interpreting similar provisions.' " *State Farm Mut. Auto. Ins. Co. v. Houle*, 269 P.3d 654, 657-58 (Alaska 2011). "Insurance contracts are interpreted 'in accordance with the reasonable expectations' of the insured. This is true even if 'painstaking study of the policy provisions would have negated those expectations.' " *Safety Nat'l Cas. Corp. v. Pacific Employers Ins. Co.*, 927 P.2d 748, 750 (citations omitted) (first quoting *Fulton v. Lloyds & Inst. Of London Underwriting Cos.*, 903 P.2d 1062, 1068 (Alaska 1995); then quoting *State v. Underwriters at Lloyds*, 755 P.2d 396, 400 (Alaska 1988)). Insurance contracts are also construed according to "ordinary and customary usage." *Houle*, 269 P.3d at 658. Any ambiguous terms are to be construed in favor of the insured. *Id.*

Plaintiffs base their interpretation of the Policy's premium requirements exclusively on the "Maximum Total Premium" indicated as $50,000 on the Policy Specifications page, despite the Policy's provisions under the heading "Premiums," which explain the requirements and limitations with regard to premiums, and unambiguously contradict Plaintiff's interpretation. The Policy indicates that a premium payment will be required to keep the Policy in force "if, on the last day of a policy month, the Policy Value is less than the Monthly Deduction scheduled to be made." Complaint, Exh. 1 at.8.

The Policy includes a provision setting the maximum premium over the life of the Policy as follows: "the total of premiums paid in all policy years does not exceed *the greater of* the *Maximum Single Premium* and the *Maximum Annual Premium multiplied by the number of Policy Years* … this Policy has been in force." *Id.* (emphasis added). The Policy indicates that these maximum values are provided on page three, the Policy Specifications page. *Id.* The two maximum values indicated on

DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S MOTION
TO DISMISS COMPLAINT - 9
Sycks v. Transamerica, et al.
Case No. 3:22-cv-00010-JMK

the Policy Specifications page are the "Maximum Annual Premium" and "Maximum Total Premium." This is an obvious scrivener's error in referring to the "Maximum Single Premium" as the "Maximum Total Premium." However, this one scrivener's error does not change the terms of the Policy. See *U.S. v. 200 Units of Rentable Housing*, 2007 WL 4510338, *4 (D. Alaska, 2007) , aff'd 668 F.3d 1119 (9th Cir. 2012) (lease term was 23 years where the 23-year term appeared throughout the lease, and the inconsistent term appeared only once in the lease).

Although ambiguous terms are to be construed in favor of the insured, "ambiguities only exist when there are two or more reasonable interpretations of particular policy language." *Houle*, 269 P.3d at 658. "[I]t would be error to 'consider a single term in isolation,' because "[a]n interpretation of an insurance policy must also account for the language of other policy provisions, relevant extrinsic evidence, and case law interpreting similar provisions in order to determine what the reasonable expectations of an insured would be." *Hahn v. Geico Choice Insurance Co.*, 420 P.3d 1160 (Alaska, 2018). In *Hahn*, the Alaska Supreme Court found no error in the trial court's conclusion that a "reasonable insured would read all the terms of the policy in context, and [would] not assign undue weight to a single term."

Plaintiffs' interpretation is not reasonable because it gives undue weight to the single phrase "Maximum Total Premium" and contradicts the provisions in the body of the Policy that explain when additional premiums will be required, that the Policy will lapse if the required additional premium is not paid, and the limitation on total premiums required over the life of the Policy.

DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S MOTION
TO DISMISS COMPLAINT - 10
Sycks v. Transamerica, et al.
Case No. 3:22-cv-00010-JMK

## C. Plaintiffs' Allegations Do Not Support a Cause of Action for Breach of Contract

Plaintiffs' breach of contract claim against Transamerica fails because despite Plaintiffs' unreasonable interpretation of the Policy, the factual allegations, if assumed true, establish that Transamerica acted in accordance with the terms of the Policy in refusing to withdraw the lapse notice. The same review of the Policy provisions, that as discussed above demonstrates the insufficiency of Plaintiff's cause of action for declaratory relief, also demonstrates the insufficiency of Plaintiff's cause of action for breach of contract. Plaintiffs have not and cannot allege a contractual obligation breached by Transamerica. To the contrary, the allegations indicate that Transamerica's actions were consistent with the provisions of the Policy.

## D. Plaintiffs' Allegations Do Not Support a Cause of Action for Breach of the Covenant of Good Faith and Fair Dealing

"Under Alaska's contract law, 'the covenant of good faith and fair dealing ... is implied in all contracts.' " *Lockwood v. Geico Gen. Ins. Co.*, 323 P.3d 691, 697 (Alaska 2014) (quoting *State Farm Mut. Auto. Ins. Co. v. Weiford*, 831 P.2d 1264, 1266 (Alaska 1992)). Although the Alaska Supreme Court has "declined to define the elements of the tort of bad faith in an insurance contract, [Alaska] precedent makes clear that the element of breach at least requires the insured to show that the insurer's actions were objectively unreasonable under the circumstances." *Id.* To prove bad faith under Alaska law, a plaintiff must prove, and therefore plausibly allege, that the insurer's decision was "made without a reasonable basis." *Id.* at 698.

Alaska courts have rejected the notion that reasonableness always presents a question of fact. "Although questions of reasonableness often must be resolved at trial .... where an insurer establishes that no reasonable jury could regard its conduct as

DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S MOTION TO DISMISS COMPLAINT - 11
Sycks v. Transamerica, et al.
Case No. 3:22-cv-00010-JMK

Case 3:22-cv-00010-JMK   Document 15   Filed 03/03/22   Page 11 of 13

unreasonable, the question of bad faith need not and should not be submitted to the jury." *Hillman v. Nationwide Mut. Fire Ins. Co.*, 855 P.2d 1321, 1325 (Alaska 1993). On the contrary, a court may find no bad faith as a matter of law where the insurer acts in reliance on a reasonable interpretation of an explicit policy provision— even if the court interprets the provision differently or otherwise refuses to apply it. *Id.* at 1325-26; also *Copper River Seafoods, Inc. v. Chubb Custom Ins. Co.*, 2018 WL 6220064, at *11-12 (D. Alaska Sept. 19, 2018) (no bad faith where insurer relied on policy exclusion to deny coverage even though court found exclusion inapplicable). Importantly, a court can make that determination in the context of a motion to dismiss if the reasonableness of the insurer's conduct is shown by the plaintiff's allegations and policy terms. See *Nowak v. Genworth Life and Annuity Ins. Co.*, 2017 WL 5894512, *5-6 (D. Alaska Aug. 31, 2017); *Barba v. Allianz Global Risks US Ins. Co.*, 2016 WL 6236324, *9 (S.D.N.Y. Oct. 25, 2016) (applying Alaska law).

In *Nowak v. Genworth Life and Annuity Insurance Company*, the District Court of Alaska granted a Rule 12(b)(6) motion to dismiss claims against an insurer for negligence and bad faith in relation to the insurer's notice to plaintiff of cancelation of a term life insurance policy due to nonpayment of premium and its denial of claim for the life insurance benefit upon the death of the insured. *Nowak*, 2017 WL 5894512 (D. Alaska, August 31, 2017). Likewise, this Court should dismiss Plaintiffs' bad faith claim against Transamerica. As discussed above, Transamerica's refusal of Plaintiffs' demands to withdraw the lapse notice was consistent with the terms of the Policy. Whereas the Policy's reliance on a single phrase on the Policy Specifications page, in contradiction of the unambiguous terms of the Policy, is unreasonable.

DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S MOTION TO DISMISS COMPLAINT - 12
Sycks v. Transamerica, et al.
Case No. 3:22-cv-00010-JMK

Case 3:22-cv-00010-JMK   Document 15   Filed 03/03/22   Page 12 of 13

Although emotional distress is a category of damages available for bad faith, the court must find that Transamerica acted in bad faith. As discussed above, Transamerica's conduct has been consistent with a reasonable interpretation of the provisions in the Policy, and therefore cannot be found to be in bad faith. Likewise, there is no basis for punitive damages, which require "outrageous" conduct. *State Farm Mut. Auto. Ins. Co. v. Weiford*, 831 P.2d 1264, 1266 (Alaska, 1992).

## IV. CONCLUSION

Plaintiffs' allegations do not plausibly support a declaratory judgment against Transamerica or causes of action for breach of contract or breach of the covenant of good faith and fair dealing. Therefore, Transamerica respectfully requests that the Complaint be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated: March 3, 2022

GORDON REES SCULLY MANSUKHANI, LLP
Counsel for Transamerica Life Insurance Company

By: *s/Shannon L. Wodnik*
George M. Cruickshank, ABA No. 0105019
Shannon L. Wodnik, *Pro Hac Vice*

DEFENDANT TRANSAMERICA LIFE INSURANCE COMPANY'S MOTION TO DISMISS COMPLAINT - 13
Sycks v. Transamerica, et al.
Case No. 3:22-cv-00010-JMK

Case 3:22-cv-00010-JMK   Document 15   Filed 03/03/22   Page 13 of 13

**Gordon Rees Scully Mansukhani, LLP**
P.O. Box 220994, Anchorage, AK 99522

1260163/65184386v.1