IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

LILA SYCKS, ESTATE OF VERNON
SYCKS,

               Plaintiffs,

    vs.

TRANSAMERICA LIFE
INSURANCE COMPANY,
BANKERS UNITED LIFE
INSURANCE COMPANY,

               Defendants.

Case No. 3:22-cv-00010-JMK

**ORDER GRANTING IN PART
DEFENDANT'S MOTION TO
DISMISS FIRST AMENDED
COMPLAINT WITH PREJUDICE**

Pending before the Court at Docket 28 is Defendant Transamerica Life

Insurance Company's[1] Motion to Dismiss Plaintiffs' First Amended Complaint with

Prejudice.   Plaintiffs Lila Sycks and Vernon Sycks[2] filed a response in opposition at

Docket 29.  Defendant filed a reply at Docket 34.  For the following reasons, Defendant's

---

[1] The other named defendant, Bankers United Life Assurance Company ("Bankers United"), merged into Life Investors Insurance Company of America in 2001, which then merged in Transamerica Life Insurance Company ("Transamerica") in 2008. Docket 23 at 3 n.1.  Bankers United issued Plaintiffs' life insurance policy, and Transamerica is the successor-in-interest to Bankers United.  *Id.* at 3.  All references to Transamerica or Defendant in this Order shall be read to include Bankers United unless otherwise stated.

[2] Plaintiff Lila Sycks notified the Court that co-plaintiff Vernon Sycks died on July 5, 2022.  Docket 29 at 12 n.31.  The Court granted Lila Sycks' Motion for Substitution of Party pursuant to Fed. R. Civ. P. 25(a)(1) to substitute the Estate of Vernon D. Sycks in the place of Plaintiff Vernon D. Sycks.  Docket 46.

motion is GRANTED IN PART, and Plaintiff's claim for fraudulent or intentional misrepresentation is DISMISSED WITHOUT PREJUDICE and with LEAVE TO AMEND.

## I.  PROCEDURAL BACKGROUND

This lawsuit arises from the lapse of Plaintiffs' Last Survivor Flexible Premium Interest Indexed Universal Life Insurance Policy Number B119812 (the "Policy").[3]  Plaintiffs filed suit on December 6, 2021, bringing claims for a declaration that Defendant must continue the Policy in force without payment of additional premium, breach of contract, and breach of the covenant of good faith and fair dealing.[4]  Defendant subsequently removed the action to this Court on January 13, 2022.[5]  On March 3, 2022, Defendant filed a motion to dismiss the Complaint for failure to state a claim.[6]  Shortly after that motion became ripe for a decision, Plaintiffs filed a motion for leave to file an amended complaint.[7]  The Court granted Plaintiffs leave to amend, and Plaintiffs filed their amended complaint on June 17, 2022.[8]  Plaintiffs' amended complaint adds a new claim for fraud, negligent, or intentional misrepresentation.[9]  Defendant filed a motion to dismiss the amended complaint with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[10]  This motion is ripe for a decision.[11]

---

[3] Docket 1-1.
[4] *Id.*
[5] Docket 1.
[6] Docket 15.
[7] Docket 22.
[8] Docket 25; Docket 26.
[9] Docket 26 at 7.
[10] Docket 28.
[11] *See id.*; Docket 29 (Plaintiffs' response in opposition); Docket 34 (Defendant's reply).

*Sycks et al. v. Transamerica Life Ins. Co. et al.*
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint

Case No. 3:22-cv-00010-JMK
Page 2

Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 2 of 24

## II.    FACTUAL BACKGROUND

Although Defendant has not yet submitted its answer to Plaintiffs' original complaint or the amended complaint, the parties for the most part do not appear to dispute this case's basic facts, which the Court generally accepts as articulated in Plaintiffs' amended complaint for the purposes of deciding this motion.[12]  As relevant here, Defendant issued the Policy to Plaintiffs in Alaska on June 25, 1993.[13]  Around that time, Plaintiffs made one premium payment of $50,000.[14]

In 2021, Defendant notified Plaintiffs that the Policy would lapse without payment of additional premiums of $21,683.12 by August 2, 2021.[15]  After receiving this notice, Plaintiffs—aged 91 (Vernon) and 86 (Lila) at the time—requested that Defendant withdraw the lapse notification and continue their coverage without the payment of additional premiums.[16]  By letter dated October 1, 2021, Defendant responded to Plaintiffs' request, stating, "Based on our research and the terms of the contract, we did not find a way for the policy to remain in force until the maturity date without payment of additional premium."[17]  Defendant's letter explained its interpretation of the operative provisions of the "flexible" Policy which, according to Defendant, does not require minimum premium payments at set intervals in order for the insured to secure coverage:

---

[12]  Unless otherwise indicated, the underlying facts are taken from Plaintiffs' amended complaint and are presumed true for purposes of reviewing the Rule 12(b)(6) motion to dismiss. *See, e.g.*, *Cavinass v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 810 n.4 (9th Cir. 2010).
[13]  Docket 26 at 2.
[14]  *Id.* at 3.
[15]  *Id.*
[16]  *Id.*
[17]  Docket 26-1 at 2.

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                                        Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint                              Page 3

Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 3 of 24

This type of policy requires premium payments to create an accumulation value, from which a sum is deducted each month to pay for the cost of the insurance. Premiums for this type of policy are flexible, and can vary in amount and frequency, subject to requirements and limitations. The Maximum Initial Premium of $50,000.00 was paid at issue, an amount that is equal to the Maximum Total Premiums as reflected on the policy specifications page. Should the policy owner wish to contribute premiums, the Maximum Annual Premium allowed is $5,184.93. Enclosed for your review is a duplicate copy of the policy, including the application for insurance.

According to the original illustration, "The policy will terminate without further value, based on guaranteed interest and Cost of Insurance rates, if additional premiums are not paid before the end of the 24th policy year.".[*sic*] The initial premium amount of $50,000.00 was sufficient for the policy to remain in force until the end of the 24th policy year. Although payments are flexible, the policy must always have sufficient accumulation value to cover the monthly deduction amount. If at any time the accumulation value is not sufficient to cover the monthly deduction, the policy will enter the grace period, as it did on June 3, 2021.

The policy has a 61-day grace period following the date a premium payment is required to keep the policy in force. The Grace Period Provision states that "A premium will be required if, on the last day of a policy month, the Policy Value is less than the Monthly Deduction schedule [*sic*] to be made." A notification letter was sent to request a payment of $21,683.12 by August 2, 2021 to maintain the coverage. As stated in our response dated August 20, 2021, an extension for submitting the premium was granted until October 2, 2021.

When the policy was issued, the single premium of $50,000.00 was sufficient to carry the policy until the 24th policy year (2017), at a minimum. However, an interest rate that has declined since issue and an increase in the monthly deduction amount has caused a decline in the accumulation value. It has also caused the policy to enter the grace period and require additional premiums to maintain the coverage. Based on our review of the policy values and the terms of the

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                                    Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint                Page 4

Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 4 of 24

contract, the policy will not remain in force until the maturity date unless changes are made to the premium contribution amount.[18]

Defendant's letter referenced and, according to Plaintiffs, contained a "duplicate copy of the insurance policy," which included Plaintiffs' original application for the Policy.[19]  Not long after receiving this letter, Plaintiffs filed suit against Defendant, seeking "speedy" judicial review of their claim for insurance coverage under Alaska law in light "of their age and the place life insurance holds in their financial and insurance planning . . . ."[20]

Although the parties do not appear to dispute these basic facts, Plaintiffs' amended complaint raises some factual concerns that Plaintiffs seek to address through this litigation, namely identification of "a true and correct copy of the Policy."[21]  In essence, Plaintiffs allege that Defendant's October 1, 2021, letter provided an incorrect copy of the Policy (the "October 1, 2021, Copy") because it differed from a copy of the Policy Defendant submitted as an exhibit with its since-stricken March 3, 2022, motion to dismiss Plaintiffs' original complaint (the "March 3, 2022, Copy") at Docket 15.[22]  The parties do not identify any contractual provisions or application materials that differ between these copies of the Policy.  However, Plaintiffs have noted that the two copies of the Policy contain slightly different footers and other differing components, such as a table of contents

---

[18] *Id.* at 2–3; Docket 1-1 at 63–71.
[19] Docket 26-1 at 2.
[20] Docket 26 at 5.
[21] *Id.* at 4.
[22] *Id.*

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                    Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint                    Page 5

Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 5 of 24

that appears in the October 1, 2021, Copy but not the March 3, 2022, Copy.[23] Another difference between the two copies is what Defendant describes as an "illustration" that appears in the March 3, 2022, Copy but does not appear in the October 1, 2021, Copy.[24] The illustration provides an example of the "projected policy value" over time as adjustments are made to the cost of insurance, interest rates, and premium payments.[25] This illustration generally purports to contextualize the degree to which premium payments impact the value, and, in turn, coverage, of the Policy over time.[26] Notwithstanding the differences Plaintiffs point out between the two copies of the Policy provided in the parties' filings and the fact that Plaintiff points to some provisions of the Policy in its amended complaint, Plaintiffs' amended complaint and its briefing in response to Defendant's motion suggest that the certified, operative copy of the Policy has yet to be produced through this litigation.[27]

### III.   LEGAL STANDARD

The Federal Rules of Civil Procedure require pleadings to include "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."[28]  If a claim "fail[s] to state a claim upon which relief can be granted," a defendant may move to dismiss the claim under Rule 12(b)(6).[29]  A Rule 12(b)(6) motion challenges the legal

---

[23] Docket 29 at 4–5.
[24] *Id.* at 5–6; Docket 26-1 at 2, 28.
[25] Docket 15 at 7.
[26] Docket 26-1 at 28.
[27] *See generally* Docket 26; *see also* Docket 29 at 6 ("Before the court can begin to interpret and enforce the contract, discovery is necessary in order to clarify the content and express terms of the contract.").
[28] Fed. R. Civ. P. 8(a)(2).
[29] Fed. R. Civ. P. 12(b)(6).

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                    Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint          Page 6

Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 6 of 24

sufficiency of the claims alleged.[30]  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[31]  This test requires a complaint to provide "well-pleaded facts, not legal conclusions, that 'plausibly give rise to an entitlement to relief.'"[32]  The determination of whether a complaint meets this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[33]  When a heightened pleading standard, such as that required of Federal Rule of Civil Procedure 9 for fraud claims, does not apply, the complaint "need only satisfy the [Federal Rule of Civil Procedure] 8(a) notice pleading standard . . . to survive a Rule 12(b)(6) dismissal."[34]  Under Rule 8(a), a plaintiff must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[35]

In deciding Rule 12(b)(6) motions to dismiss, district courts "accept as true all well-pleaded allegations of material fact, and construe them in the light most favorable to the non-moving party."[36]  Courts need not accept as true "allegations that contradict exhibits attached to the [c]omplaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

---

[30] *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).
[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[32] *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 679) (citing *Twombly*, 550 U.S. at 570).
[33] *Iqbal*, 556 U.S. at 679 (citation omitted).
[34] *Edwards v. Marin Parkcitation Inc.*, 356 F.3d 1058, 1062 (9th Cir. 2004).
[35] *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted).
[36] *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031–32 (9th Cir. 2008)).

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                                Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint                    Page 7
Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 7 of 24

inferences."[37]  Normally, courts limit the scope of their review to the complaint alone.[38] But if a complaint "necessarily relies" on an external document, courts may consider the document if:  "1) the complaint refers to the document; 2) the document is central to the plaintiff's claim; and 3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."[39]

When a plaintiff alleges fraud, as here, it faces a heightened pleading standard under Rule 9 pursuant to which the complaint "must state with particularity the circumstances constituting fraud."[40]  To meet this heighted standard, "a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false."[41]

Because Plaintiffs brought state-law claims against Defendant in this diversity action, the Court looks to Alaska law when evaluating whether the amended complaint pleads claims upon which relief can be granted.[42]  Plaintiffs bring claims against Defendant for:  (1) a declaration that Defendant must continue the Policy in force without payment of additional premium; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; and (4) fraud, negligent, or intentional misrepresentation.  Alaska

---

[37] *Id.* (citing *Manzarek*, 519 F.2d at 1031).

[38] *Id.* (citations omitted).

[39] *Id.* (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

[40] Fed. R. Civ. P. 9(b).

[41] *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (quoting *Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011)) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

[42] *See Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003) ("Under the rule of *Erie R.R. v. Tompkins*, 'federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law.'") (quoting *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996)).

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                    Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint                    Page 8

Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 8 of 24

law sets the legal standards for each of these claims, which the Court discusses as relevant below.

## IV. DISCUSSION

Defendant argues that the law supports dismissal of Plaintiffs' claims because "the allegations do not plausibly support Plaintiffs' claims."[43] Defendant's argument relies on the premise that the Court must interpret the Policy's provisions, which it maintains are not in dispute and clearly require Plaintiffs to make additional premium payments to remain in force.[44] Accordingly, because Plaintiffs have implied that they have not paid any additional premiums since the initial $50,000 payment in 1993, Defendant argues that coverage no longer exists.[45] Defendant also characterizes Plaintiffs' allegations as conclusory and nature and "without specificity or supporting factual allegations."[46]

In response, Plaintiffs argue that the Court cannot at this point in the litigation interpret the Policy because the contents of the Policy are in dispute.[47] According to Plaintiffs, the Court cannot interpret the Policy until a "complete record" is established following discovery and the presentation of extrinsic evidence.[48] To demonstrate this alleged dispute over the Policy's contents, Plaintiffs point to the aforementioned differences between the two dueling copies of the Policy that Defendant presented to them

---

[43] Docket 28 at 4.
[44] *See id.* at 5 ("The Policy provides the obligations of the parties in regards to payment and nonpayment of premium. Therefore, this motion tasks the Court with interpreting these provisions.").
[45] *Id.*
[46] *Id.*
[47] Docket 29 at 3–6.
[48] *Id.* at 3.

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                    Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint                    Page 9

Case 3:22-cv-00010-JMK    Document 47    Filed 12/02/22    Page 9 of 24

and to the Court in earlier filings.[49]  In its amended complaint, Plaintiffs have provided only the March 3, 2022, Copy, having removed the October 1, 2021, Copy that Plaintiffs provided in their original complaint filed in state court (and which removed to this Court by Defendant).[50]  In doing so, Plaintiffs appear to have attached the March 3, 2022, Copy not for the purpose of providing evidence of its terms but instead to demonstrate that Defendant has provided a false copy of the Policy to Plaintiffs and the Court.  Despite making allegations as to the contents of the Policy in its amended complaint, Plaintiffs do not appear to support these allegations with any evidence.[51]

The Court begins its analysis by taking Plaintiffs' well-pleaded allegations as true and construing them in the light most favorable to Plaintiffs to determine whether they present "facial plausibility" to support their claims.[52]  The crux of Plaintiffs' factual allegations relevant to Defendant's Rule 12(b)(6) motion are:  (1) Defendant has not yet provided Plaintiffs the certified, operable copy of the Policy, and (2) the true and correct copy of the Policy would support Plaintiffs' substantive interpretation of the Policy.[53]  Assuming these allegations are true, the Court cannot at this stage delve into the disputed contractual language to dismiss Plaintiffs' claims that rely on their interpretation of the Policy.  Doing so would require the Court to interpret the provisions of the copy of the

---

[49] *Id.* at 4–6.

[50] Docket 26-1.

[51] *See, e.g.*, Docket 26 at 5 ("In light of the terms and conditions of the Policy, as interpreted and construed in accord with Alaska law, the Defendants are obligated to provide the assurance, protection, and benefits described in the Policy Specifications . . .").

[52] *Carey v. Bardana*, No. 1:10-cv-0001 JWS, 2010 WL 11619238, at *2 (D. Alaska Sept. 9, 2010) (citing *Iqbal*, 556 U.S. at 663).

[53] *See generally* Docket 26; Docket 29.

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                                    Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint                    Page 10
Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 10 of 24

Policy provided as an exhibit to Plaintiffs' complaint, which is what Defendant argues the Court can and should do to resolve its motion.[54]

Defendant suggests that the Court may interpret the terms of the Policy because Plaintiff attached a copy of the Policy to its complaint, whereas Plaintiff argues that the Policy's terms are in question because the certified copy of the Policy has not yet been provided.[55] Defendant insists that the two copies of the Policy presented up to this point—the October 1, 2021, Copy, and the March 3, 2022, Copy—are identical as to the Policy's material terms.[56] Defendant's observation about the Policy's terms may be correct, but Defendant misses the point of Plaintiff's argument: Plaintiff essentially argues that the certified, operative copy of the Policy has not yet been produced or verified as such.

The Court might well doubt Plaintiffs' suggestion that the contents of the certified, operative copy of the Policy are different from those contained in the parties' filings, but the Court is compelled to accept Plaintiffs' factual allegations as true at this stage of the litigation because they are plainly and clearly stated in the complaint and not clearly contradicted by the limited evidence presented to the Court thus far. The Court finds that Plaintiffs have sufficiently articulated their allegation that the copies of the Policy Defendant provided to them are false (*see* paragraph 6 of the amended complaint) and

---

[54] Docket 28 at 7 (contending that "a review of the terms of the Policy demonstrate[s] that Plaintiffs' allegations do not plausibly support a contractual duty for Transamerica to maintain the Policy in force without payment of the required premium.").

[55] Docket 34 at 4 (characterizing Plaintiffs' argument as asserting that "Defendant's copy of the policy is not identical to their copy of the Policy . . ."); Docket 29 at 3.

[56] Docket 34 at 4.

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                                   Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint                    Page 11

Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 11 of 24

explained why they believe that to be the case (*see* paragraphs 16-17).[57]  There is no indication from the face of the complaint that these are "conclusory," "make unwarranted deductions," or "draw unreasonable inferences."[58]  If Defendant disagrees, it is free to prove otherwise.  In the interim, the Court accepts these facts and construes them in the light most favorable to Plaintiffs.[59]

As for Defendant's assertion that Plaintiffs failed to allege their claims with sufficient specificity, the Court notes that Plaintiffs need not plead the terms of a contract with unusual specificity to meet Rule 8's requirements.[60]  As other courts in this Circuit have recognized, "it is not necessary for a plaintiff to allege the terms of an alleged contract with precision if the Court is able generally to discern at least what material obligation of the contract the defendant allegedly breached."[61]  Plaintiffs' allegations provide sufficient notice of what they deem to be the material terms of the Policy that entitle them to relief.  Indeed, it is clear that the "maximum total premium" provision within the Policy's "Policy Specifications" section pulls the laboring oar of Plaintiffs' argument.[62]  As it has done in its motion to dismiss, Defendant is free to argue why it believes that contractual provision

---

[57] Docket 26 at 2, 4.

[58] *Daniels-Hall*, 629 F.3d at 998.

[59] *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 975 n.2 (9th Cir. 2010) (observing that "factually based arguments" that support the parties' "respective interpretations of the contract . . . are appropriate on remand at a later stage of litigation, not on the pleadings").

[60] *See Soil Retention Prods. v. Brentwood Indus.*, 582 F. Supp. 3d 725, 731 (S.D. Cal. 2022) ("In other words, it is not necessary for a plaintiff to allege the terms of an alleged contract with precision if the Court is able generally to discern at least what material obligation of the contract the defendant allegedly breached.") (citations omitted).

[61] *Id.* (citing *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 965, 2014 WL 4744790, *7 (N.D. Cal. 2014).

[62] Docket 26 at 3.

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                    Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint                    Page 12

Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 12 of 24

is not dispositive at the appropriate stage of the litigation. Regardless, Plaintiffs' amended complaint provides ample notice of the basis for its claims and why they believe the Policy entitles them to relief.

Having determined that it will accept Plaintiffs' allegations as true and refrain from interpreting the contents of a disputed document for the purposes of evaluating Defendant's Rule 12(b)(c) motion, the Court now considers whether the allegations "show[] that the pleader[s are] entitled to relief" under the Alaska law governing Plaintiffs' claims.[63]

## A. Count I: Declaration that Defendant Must Continue the Policy Without Payment of Additional Premium

Plaintiffs first seek a declaration that Defendant must continue to provide life insurance coverage pursuant to the terms of the Policy.[64] Alaska Statute § 22.10.020(g), the State's analog to the federal Declaratory Judgment Act, "grants to [Alaska] superior courts the power to issue declaratory judgments in cases of actual controversy."[65] In such cases, the Alaska Declaratory Judgment Act authorizes a trial court to "declare the rights and legal relations of an interested party seeking the declaration, whether or not further relief is or could be sought."[66] Under this statute, a complaint seeking declaratory relief simply must allege facts demonstrating that it is entitled to a declaratory judgment.[67] The

---

[63] Fed. R. Civ. P. 8(a)(2).
[64] Docket 26 at 4.
[65] *Brause v. Dep't of Health & Soc. Servs.*, 21 P.3d 357, 358 (Alaska 2001).
[66] Alaska Stat. § 22.10.020(g).
[67] *Jefferson v. Asplund*, 458 P.2d 995, 1000 (Alaska 1969) ("[T]he requirements of pleadings in actions seeking declaratory relief do not differ from those standards of pleadings governing other types of civil actions.") (citing *Gomillion v. Lightfoot*, 364 U.S. 339 (1960)).

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint            Page 13

Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 13 of 24

Alaska Supreme Court has explained that Alaska courts issue declaratory judgments to clarify and settle legal relations and to "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."[68] Alaska courts generally decline to award declaratory relief when a declaration would further neither of these goals.[69]

Although the Alaska Declaratory Judgment Act requires an "actual controversy," Alaska courts may grant declaratory relief to settle controversies that have not yet "ripen[ed] into violations of law" or "to afford one threatened with liability an early adjudication without waiting until an adversary should see fit to begin an action after the damage has accrued."[70] The Alaska Supreme Court has characterized its standing rules in a Declaratory Judgment Act case as "liberal," requiring only that a plaintiff show it has an "interest adversely affected by the conduct complained of."[71] "The degree of injury to the interest need not be great; 'the basic idea . . . is that an identifiable trifle is enough for standing to fight out a question of principle; the trifle is the basis for standing and the principle supplies the motivation.'"[72]

Assuming an "actual controversy" is presented, an Alaska court deciding Plaintiffs' claim for a declaratory judgment in an insurance case would proceed to interpret

---

[68] *Id.* at 997–98 (citing Borchard, Declaratory Judgments at 299 (2d ed. 1941)).

[69] *Id.* at 998.

[70] *Lowell v. Hayes*, 117 P.3d 745, 756 (Alaska 2005) (quoting Charles Alan Wright, Arthur B. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 2751 at 456 (3d ed. 1998)).

[71] *Bowers Office Prods. v. Univ. of Alaska*, 755 P.2d 1095, 1097–98 (Alaska 1988) (quoting *Trs. for Alaska v. Dep't of Nat. Res.*, 736 P.2d 324, 327 (Alaska 1987)).

[72] *Trs. for Alaska*, 736 P.2d at 327 (citations omitted).

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                                     Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint                    Page 14

Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 14 of 24

the insurance contract according to the principle of "reasonable expectations."[73]  This principle requires courts to construe insurance contracts "so as to provide that coverage which a layperson would have reasonably expected from a lay interpretation of the policy terms."[74]  Even so, an insured's expectation of coverage must be "objectively reasonable."[75]

To determine an insured's reasonable expectations, Alaska law directs courts to look to:  (1) the language of the disputed provisions in the policy, (2) other provisions in the policy, (3) extrinsic evidence, and (4) case law interpreting similar provisions.[76]  "[B]ecause of inequities in bargaining power, [Alaska courts] construe coverage broadly and exclusions narrowly, in favor of insureds."[77]  Alaska courts will, however, recognize a coverage restriction "if . . . plain language limits the coverage of [the] policy."[78]  In the absence of plain language, such as when an insurance policy provision is ambiguous,

[73] *Bering Strait Sch. Dist. v. RLI Ins. Co.*, 873 P.2d 1292, 1294 (Alaska 1994) (quoting *State v. Underwriters at Lloyds, London*, 755 P.2d 396, 400 (Alaska 1988)).

[74] *Downing v. Country Life Ins. Co.*, 473 P.3d 699, 704 (Alaska 2020) (quoting *U.S. Fire Ins. Co. v. Colver*, 600 P.2d 1, 3 (Alaska 1979)) (other citation omitted); *see also Bering Strait*, 873 P.2d at 1294 (quoting *Lloyds*, 755 P.2d at 400) (defining the reasonable expectations principle as the concept that "[t]he objectively reasonable expectations of applicants and intended beneficiaries regarding the terms of insurance contracts will be honored even though painstaking study of the policy provisions would have negated those expectations").

[75] *West v. Umialik Ins. Co.*, 8 P.3d 1135, 1138 (Alaska 2000) (quoting *Lloyds*, 755 P.2d at 400); *see also State Farm Fire & Cas. Co. v. Bongen*, 925 P.2d 1042, 1047 (Alaska 1996) (quoting *Millar v. State Farm Fire & Cas. Co.*, 804 P.2d 822, 826–27 (Ariz. Ct. App. 1990)) ("[S]ince most insureds develop an expectation that every loss will be covered, the reasonable expectation doctrine 'must be limited by something more than the fervent hope usually engendered by loss.'").

[76] *Allstate Ins. Co. v. Teel*, 100 P.3d 2, 4 (Alaska 2004).

[77] *Devine v. Great Divide Ins. Co.*, 350 P.3d 782, 786 (Alaska 2015) (first alteration in original) (quoting *Whittier Props., Inc. v. Alaska Nat'l Ins. Co.*, 185 P.3d 84, 88 (Alaska 2008)).

[78] *Whittier Props.*, 185 P.3d at 88 (citation omitted).

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                                    Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint                Page 15
Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 15 of 24

Alaska courts "must accept the interpretation that most favors the insured."[79] Still, "the mere fact that two parties to an insurance contract have different subjective interpretations of that contract does not make it ambiguous. Rather, ambiguity exists only when the contract, taken as a whole, is *reasonably* subject to differing interpretations."[80]

Against this backdrop, the Court must determine whether Plaintiffs' amended complaint contains non-conclusory statements from which a court could make reasonable inferences that they are entitled to relief (*i.e.*, a declaration that Defendant must continue to provide coverage under the Policy).[81] Although Plaintiffs' amended complaint is not rich with factual allegations regarding the Policy's terms, it does include a number of factual allegations meeting this plausibility standard. The amended complaint points to the "maximum total premium" language it alleges to exist in the Policy, as well as Plaintiffs' alleged payment of the premium and Defendant's refusal to acknowledge the continuation of coverage under the Policy.[82] This language is not only non-conclusory, but it also meets the Alaska Supreme Court's liberal "interest-injury" approach to establishing existence of a "case of actual controversy."[83] By describing Defendant's refusal to provide continued life insurance coverage without the payment of additional premiums, Plaintiffs have articulated a "genuine adversarial relationship exists regarding an interest-injury."[84] Plaintiffs and Defendant's dispute over whether the Policy's

---

[79] *Id.* at 90 (citations omitted).
[80] *Downing*, 473 P.3d at 704 (footnote, citations, and internal quotation marks omitted).
[81] *Iqbal*, 556 U.S. at 678 (citation omitted).
[82] Docket 26 at 3.
[83] *Bowers Office Prods.*, 755 P.2d at 1097–98.
[84] *Id.* at 1098.

*Sycks et al. v. Transamerica Life Ins. Co. et al.*
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint

Case No. 3:22-cv-00010-JMK
Page 16

Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 16 of 24

coverage can continue without payment of additional premiums provides evidence of such an adversarial relationship, and Plaintiffs have a clear economic interest in the outcome of this dispute:  the payout of life insurance proceeds upon their death.

Plaintiffs also allege through paragraphs 6–19 of the amended complaint the following key facts that, if true, would warrant a declaration that coverage exists under the terms of the Policy:  (1) the Policy, an enforceable contract, exists; (2) Plaintiffs paid the "maximum total premium" required under the Policy to secure coverage; and (3) Defendant failed to uphold its obligation thereunder to provide coverage by sending and refusing to withdraw the lapse notice.[85]  Plaintiffs' amended complaint goes further by connecting the dots between these facts and Plaintiffs' legal claims.  In Count I, for instance, Plaintiffs contend that they performed their obligations under the Policy by paying the $50,000 premium in 1993, triggering Defendant's obligation to provide coverage.[86]  Taken together, these assertions, if true, would entitle Plaintiff to its requested declaration.  Because Plaintiff neither has offered nor referenced the terms of an *undisputed* copy of the Policy— and instead alleges that the terms of the Policy that Defendant would direct the Court toward are in dispute—the Court will not delve into the interpretative analysis Defendant requests in its motion.

## B.    Count II:  Breach of Contract

To prevail on their breach-of-contract claim, Plaintiffs must establish the existence of an enforceable insurance contract, a breach of that contract, and damages

---

[85]  Docket 26 at 2–4.
[86]  *Id.* at 5.

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                                                                 Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint                                          Page 17
Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 17 of 24

resulting from the breach.[87]  Similar to their Count I arguments, Plaintiffs argue that their purchase of the Policy established a contract pursuant to which Defendants agreed to provide life insurance and that Defendant breached this contract by declaring its lapse, resulting in "damages . . . including damages for emotional distress and other non-economic damages."[88]  The Court finds that Plaintiffs have alleged facts establishing the existence of an enforceable insurance contract and a breach through Defendant's repudiation thereof via communication of the lapse notice.  As for damages, Plaintiffs do not plead in detail the damages they claim to have suffered from Defendant's breach, but they need not do so.  Having alleged that they paid Defendant for the Policy and were damaged by Defendant's failure to meet its contractual commitment to provide coverage, Plaintiffs have met the requirements of Rule 8(a) needed to survive a 12(b)(6) motion to dismiss.[89]

---

[87] *See Great W. Sav. Bank v. George W. Easley Co.*, 778 P.2d 569, 577–78 (Alaska 1989) (finding a complaint for breach of contract sufficiently stated a claim for which relief could be granted because it alleged that a contractual obligation existed, the defendant breached the contract, and the plaintiff suffered damages).

[88] Docket 26 at 5–6.

[89] *See Lexington Ins. Co. v. Energetic Lath & Plaster, Inc.*, No. 2:15-cv-00861-KJM-EFB, 2015 U.S. Dist. LEXIS 123123, 2015 WL 5436784, at *8 (E.D. Cal. Sept. 15, 2015) (denying a motion to dismiss and finding that a party adequately alleged damages because they "allege[d] they have suffered damages as a result of [the non-moving party's] failure to provide to them the coverage and benefits that were due under the policy."); *Soil Retention Prods.*, 582 F. Supp. 2d at 737 ("In federal court, a plaintiff need not plead contract damages with unusual specificity."); *Grouse River Outfitters Ltd v. NetSuite, Inc.*, No. 16-cv-02954-LB, 2016 U.S. Dist. LEXIS 141478, at *34 (N.D. Cal. Oct. 12, 2016) (footnote and citation omitted) ("Grouse River alleges that it paid NetSuites.  And it alleges that it was damaged by NetSuite's failure to meet its contractual obligations. . . . All this taken together sufficiently pleads breach of contract.").

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                     Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint                     Page 18

Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 18 of 24

**C.      Count III:  Breach of the Covenant of Good Faith and Fair Dealing**

Under Alaska contract law, "the covenant of good faith and fair dealing . . . is implied in all contracts."[90]  In the context of insurance contracts, an insurer's breach of this covenant gives the insured a cause of action sounding in tort due to "[t]he special relationship between the insured and insurer in the insurance context" and because tort law "provide[s] needed incentive to insurers to honor their implied covenant to their insureds."[91]  Absent "such a cause of action[,] insurers can arbitrarily deny coverage and delay payment of a claim with no more penalty than interest on the amount owed."[92]

In bringing a bad faith action, Alaska Supreme Court precedent requires the insured to show that the insurer's actions were objectively unreasonable under the circumstances.[93]  To prevail on their bad-faith claim, Plaintiffs will have to show that Defendant's lapse notices and demand for additional premium breached the covenant of good faith and fair dealing because those actions lacked a "reasonable basis."[94]

As with Counts I and II, Plaintiffs' bad-faith claim contains enough specificity to establish that Plaintiffs plausibly could be entitled to relief.  Plaintiffs point to Defendant's alleged breach of the contract, discussed above, and argue that Defendant lacked a reasonable basis in repudiating its obligations under the Policy by failing to

---

[90] *State Farm Mut. Auto. Ins. Co. v. Weiford*, 831 P.2d 1264, 1266 (Alaska 1992) (citing *Alaska Pac. Assur. Co. v. Collins*, 794 P.2d 936, 947 (Alaska 1990)).

[91] *State Farm Fire & Cas. Co. v. Nicholson*, 777 P.2d 1152, 1156–57 (Alaska 1989).

[92] *Ennen v. Integon Indem. Corp.*, 268 P.3d 277, 291 (Alaska 2012) (quoting *Nicholson*, 777 P.2d at 1156)).

[93] *See Hillman v. Nationwide Mut. Fire Ins. Co.*, 855 P.2d 1321, 1323–24 (Alaska 1993) ("[T]he tort of bad faith in first-party insurance cases . . . necessarily requires that the insurance company's refusal to honor a claim be made without a reasonable basis.").

[94] *Id.* at 1324.

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                                                Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint                          Page 19

Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 19 of 24

undertake a "full and complete investigation by Defendant[] into the facts and the law" and through its alleged "fraudulent misrepresentation of the terms and conditions and content of the Policy."[95]  Plaintiffs have done more than allege bad faith based on Defendant's reliance on the insurance contract, which by itself would not rise to the level needed to sufficiently plead a bad faith claim.[96]  Plaintiffs also allege facts establishing why they feel they satisfied their obligation under the Policy and Defendant must honor its commitment to provide insurance coverage.  Although Plaintiffs do not allege in great detail the damages they have suffered as a result of this breach, their damages allegations meet Rule 8's requirements because they connect the breach of the covenant of good faith and fair dealing with Defendant's alleged breach of the insurance contract, a contract into which Plaintiffs paid to enter and expect to receive from Defendant the good-faith financial assurance that comes with a life insurance policy.

### D.  Count IV:  Fraud, Negligent, or Intentional Misrepresentation

To prevail on their fraudulent or intentional misrepresentation claim, Plaintiffs face the heightened pleading standard articulated in *supra* Section II of this Order.  To obtain relief under Alaska law on either the fraudulent/intentional misrepresentation claim (which functionally are the same under Alaska law) or the negligent misrepresentation claim, Plaintiffs also must establish:  (1) a misrepresentation of fact or intention, (2) made fraudulently, (3) for the purpose or with the expectation of

---

[95] Docket 26 at 3–4.
[96] *See Hillman*, 855 P.2d at 1329 ("It is objectively reasonable to rely on contractual rights.").

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                                    Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint                Page 20

Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 20 of 24

inducing another to act in reliance; and (4) justifiable reliance by the recipient, (5) causing loss.[97] A fraudulent misrepresentation occurs when the maker knows the misrepresentation is untrue, although a plaintiff "generally" may allege knowledge and other conditions of the mind.[98] A statement can be both literally true and a fraudulent misrepresentation if the maker knows the statement is materially misleading.[99] Meanwhile, the elements of negligent misrepresentation under Alaska law are: (1) a misrepresentation made "in the course of [one's] business, profession or employment, or in any other transaction in which she has a pecuniary interest;" (2) the misrepresentation must supply "false information;" (3) there must be "justifiable reliance" on the false information supplied; and (4) the accused party must have failed "to exercise reasonable care or competence in obtaining or communicating the information."[100]

Plaintiffs have alleged with specificity all of the above elements except for the existence of a fraudulent misrepresentation. Plaintiffs' misrepresentation claim is not very well written, but it appears that Plaintiffs claim that Defendant made two misrepresentations: (1) it provided a false copy of the Policy, and (2) it misrepresented the terms and conditions of the Policy and its coverage.[101] The allegations, if true, establish the presence of misrepresentations, Plaintiffs' reliance thereon, a failure to exercise

---

[97] *Asher v. Alkan Shelter, LLC*, 212 P.3d 772, 782 (Alaska 2009) (citing *Lightle v. Real Estate Comm'n*, 146 P.3d 980, 983 (Alaska 2006)).
[98] *Lightle*, 146 P.3d at 983 (citations omitted); *see also* Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").
[99] *Id.* at 986 (citations omitted).
[100] *Valdez Fisheries Dev. Ass'n v. Alyeska Pipeline Serv. Co.*, 45 P.3d 657, 671 (Alaska 2002) (citing *Bubbel v. Wien Air Alaska, Inc.*, 682 P. 2d 374, 380 (Alaska 1984)).
[101] Docket 26 at 2–4.

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                    Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint                    Page 21
Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 21 of 24

reasonable care in communicating the misrepresentations, and losses resulting from Plaintiffs' reliance. However, Plaintiffs have failed to allege with specificity the existence of fraud. There is no indication from the complaint that Defendant knew that its submission of the October 1, 2021, Copy was false, even if it differed from the March 2, 2022, Copy in what appear to be immaterial respects. The same applies to the alleged misrepresentation of the Policy coverage. Instead, the complaint asserts in a conclusory manner that Defendant knew or should have known that its representations were false.

To be clear, the Court is aware that Rule 9(b) allows Plaintiffs to "generally" allege a fraudulent state of mind, but in this case the evidence submitted with Plaintiff's complaint contradicts that allegation. The October 1, 2021, letter Defendant provided Plaintiffs explaining its reasoning behind its position that the Policy's coverage had lapsed reflects a thoughtful analysis of the Policy's provisions and coverages.[102] The letter explains Defendant's view of the "flexible" Policy at issue here and points to actual language in the Policy to justify Defendant's interpretation of the Policy.[103] It may be the case that the letter's analysis is based on an incorrect copy of the Policy or that Defendant's interpretation of this contract of adhesion is vulnerable under Alaska law, but there is no indication from either the letter or Plaintiff's complaint that Defendant knew that to be the case at the time or had knowledge that it was misleading Plaintiffs. This letter seemingly demonstrates that Defendant rooted its reasoning in the facts before it and not on a purposeful misrepresentation to Plaintiffs. Similarly, Defendant's filing at Docket 15,

---

[102] Docket 26-1.
[103] *Id.*

*Sycks et al. v. Transamerica Life Ins. Co. et al.*     Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint     Page 22

Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 22 of 24

which Plaintiff suggests if further evidence of fraudulent behavior, contradicts any allegation of fraudulent behavior. The affidavit of Defendant's custodian of records acknowledges some of the differences between the October 1, 2021, Copy and the March 3, 2022, Copy.[104] Although the custodian failed to identify other relatively minor differences between the copies or provided an incorrect copy of a Policy dating back to the early 1990s, it appears more likely than not in the Court's experience that this oversight was unintentional rather than part of a blatant scheme to defraud Plaintiffs through a direct submission to the Court. Although Plaintiffs need not make more specific allegations of Defendant's knowledge or its employees' conditions of mind for their fraud claim to survive, Plaintiffs must overcome the presumption of an innocent mistake that the evidence they submitted to the Court establishes.[105] Otherwise, Plaintiffs have only sufficiently pleaded a claim for negligent misrepresentation.

The Court dismisses Plaintiffs' claim for fraudulent or intentional misrepresentation, but will grant Plaintiffs leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), which provides that a court "should freely give leave [to amend a pleading] when justice so requires." Although Plaintiffs already have amended their complaint once, they have not had an opportunity to amend the claim they added in their first amendment, which is the same and only claim the Court dismisses here.

---

[104] Docket 15-1 at 2.
[105] *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted) ("[M]aterial which is properly submitted as part of the complaint may be considered on a motion to dismiss."); *cf. McKinnon v. Hartford Ins. Co.*, No. 2:12-cv-1809-RCJ-CWH, 2013 U.S. Dist. LEXIS 35404, at *19 (D. Nev. Mar. 11, 2013) (finding that a plaintiff's claim that a defendant "never at any time intended to comply" with its representations was insufficient to sufficiently allege a fraudulent misrepresentation claim).

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                    Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint                    Page 23

Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 23 of 24

Because Plaintiffs may be able to cure this defective claim if they can point to other indicia of fraudulent behavior, or explain why the documents provided show that Defendant knew it misrepresented the Policy and its coverage when it provided Defendant the lapse notice or provided purportedly true copies of the Policy to Plaintiffs, the Court finds leave to amend proper.[106] If Plaintiffs cannot overcome what the evidence before the Court appears to establish, they should refrain from further amending the complaint, particularly since their claim for negligent misrepresentation survives. Additionally, if Plaintiffs choose to amend but Defendant feels that the amended claim for fraudulent or intentional misrepresentation continues to exhibit this or a different defect, it may file a renewed motion to dismiss that claim.

## V. CONCLUSION

In light of the above, Defendant's Motion to Dismiss First Amended Complaint with Prejudice at Docket 28 is **GRANTED IN PART**. Plaintiffs' claim for fraudulent or intentional misrepresentation is **DISMISSED WITHOUT PREJUDICE** and with **LEAVE TO AMEND**. Plaintiffs shall have until December 19, 2022, to correct the pleading deficiency identified herein and file a Second Amended Complaint.

IT IS SO ORDERED this 2nd day of December, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

---

[106] *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                                 Case No. 3:22-cv-00010-JMK
Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint                    Page 24

Case 3:22-cv-00010-JMK   Document 47   Filed 12/02/22   Page 24 of 24