IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LILA SYCKS and the ESTATE OF VERNON D. SYCKS,<br><br>      Plaintiffs,<br><br>  vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY; and BANKERS UNITED LIFE ASSUARANCE COMPANY,<br><br>      Defendants. | Case No. 3:22-cv-00010-JMK<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL** |

Pending before the Court at Docket 61 is Plaintiffs' Motion to Compel (the "Motion"). Defendant Transamerica Life Insurance Company ("Transamerica") responded in opposition at Docket 64. Plaintiffs replied at Docket 67. For the following reasons, Plaintiffs' Motion is GRANTED IN PART.

## I. BACKGROUND

This lawsuit arises from the lapse of Plaintiffs' Last Survivor Flexible Premium Interest Indexed Universal Life Insurance Policy Number B119812 (the "Policy").[1] Plaintiffs' surviving claims are for a declaration that Transamerica must

---

[1] Docket 26.

continue the Policy, breach of contract, and breach of the covenant of good faith and fair dealing.[2]

The present motion stems from a discovery dispute that has been percolating for months. Plaintiffs first served their Requests for Production ("RFPs") on Transamerica on April 28, 2022.[3] Transamerica then moved to stay discovery until after the pending motion to dismiss was resolved.[4] The Court denied Transamerica's motion, finding that a discovery stay was not warranted.[5] The Court stated that "[t]o the extent Defendant considers Plaintiffs' discovery requests unduly burdensome or overbroad, they may be negotiated and narrowed during the meet and confer process."[6] The Court required the parties to meet and confer to complete a Scheduling and Planning Conference report and ordered that no written discovery will be due until thirty days after a Scheduling and Planning Order was issued.[7] In their Scheduling and Planning Conference Report, the Parties agreed that the deadline for "responses to pending discovery [shall] be 30 days after the Court's ruling on the motion to dismiss, assuming the Court's ruling resolves the issues with the pleadings."[8] In the Scheduling and Planning Order, the Court set the deadline for discovery responses in accordance with this agreement.[9]

---

[2] Docket 47.
[3] Docket 62 at 2; Docket 62-1.
[4] Docket 30.
[5] Docket 36.
[6] *Id.* at 9.
[7] *Id.* at 9–10.
[8] Docket 37 at 2.
[9] Docket 38 at 2.

*Sycks et al v. Transamerica Life Insurance Company et al*  Case No. 3:22-cv-00010-JMK
Order Granting in Part Plaintiffs' Motion to Compel  Page 2

Case 3:22-cv-00010-JMK   Document 68   Filed 04/20/23   Page 2 of 14

The Court issued an Order on Defendant's Motion to Dismiss on December 2, 2022, granting Plaintiffs leave to amend their Complaint.[10] Plaintiffs then indicated that they would not amend their Complaint.[11] At a status conference on December 21, 2022, the Court clarified that discovery responses were due on January 3, 2023.[12] The parties met and conferred on December 16, 2022, at which time Transamerica noted its objection that certain discovery requests were overbroad and stated that specific objections would be set forth in Transamerica's Responses and Objections due on January 3, 2023.[13] Plaintiffs then requested a letter outlining Transamerica's objections on or by December 23, 2022, reiterating this request again on December 21, 2022.[14] Transamerica served its responses to Plaintiffs' discovery requests on January 3, 2023.[15] On January 4, 2023, Plaintiffs wrote to Transamerica, indicating that their responses to Plaintiffs' RFPs were deficient because they were "full of boilerplate and meaningless objections" and Transamerica did not produce any documents with its responses.[16] Plaintiffs indicated that they would file a motion to compel if Transamerica did not correct these deficiencies by January 10, 2023.[17] Transamerica's counsel missed this email and did not respond.[18]

---

[10] Docket 47 at 24.
[11] Docket 49.
[12] Docket 55 (text entry).
[13] Docket 62-5 at 1; Docket 64 at 5.
[14] Docket 62-5 at 1; Docket 62-6 at 1.
[15] Docket 62-7 at 2.
[16] *Id*. at 1.
[17] *Id*.
[18] Docket 64-3 at 4.

*Sycks et al v. Transamerica Life Insurance Company et al*  Case No. 3:22-cv-00010-JMK
Order Granting in Part Plaintiffs' Motion to Compel  Page 3

Case 3:22-cv-00010-JMK   Document 68   Filed 04/20/23   Page 3 of 14

Plaintiffs filed the present motion on January 19, 2023, seeking an order compelling Defendant to substantively respond to Plaintiffs' discovery requests.[19] Later in the day on January 19, 2023, Transamerica made its first production of documents responsive to Plaintiffs' discovery requests.[20] In their opposition to the present motion, Transamerica represents that it has a forthcoming production of additional responsive documents and, after that production, "Transamerica will have voluntarily produced all documents it has been able to identify through a diligent search of its records that pertain to the Policy at issue in this litigation."[21] In reply, Plaintiffs claim that they have not yet received the promised additional production of responsive documents.[22]

## II. LEGAL STANDARD

District courts generally have "broad discretion to manage discovery and control the course of litigation."[23] Pursuant to Federal Rule of Civil Procedure 26,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[24]

---

[19] Docket 61.
[20] Docket 64 at 7; Docket 67 at 5.
[21] Docket 64 at 7.
[22] Docket 67 at 5.
[23] *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011)).
[24] Fed. R. Civ. P. 26(b)(1).

*Sycks et al v. Transamerica Life Insurance Company et al*  Case No. 3:22-cv-00010-JMK
Order Granting in Part Plaintiffs' Motion to Compel  Page 4

Case 3:22-cv-00010-JMK   Document 68   Filed 04/20/23   Page 4 of 14

Under Rule 37, a party may move for an order compelling a response when a party fails to respond to a discovery request.[25] A motion under Rule 37 must include a certification that the movant "has in good faith conferred or attempted to confer with the . . . party failing to make disclosure . . . in an effort to obtain it without court action."[26] An "evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."[27] The party moving to compel has "the initial burden of demonstrating relevance."[28] Relevancy is defined broadly at the discovery stage; however, "it does have 'ultimate and necessary boundaries.'"[29] Accordingly, courts have "broad discretion to determine relevance for discovery purposes."[30] Once a showing of relevance is made, the party resisting discovery "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."[31]

---

[25] Fed. R. Civ. P. 37(a)(3)(B).
[26] Fed. R. Civ. P. 37(a)(1).
[27] Fed. R. Civ. P. 37(a)(4).
[28] *Garibay v. Caravan Realty, LLC*, No. 2:19-cv-10910-JDE, 2021 WL 4620954, at *2 (C.D. Cal. June 21, 2021) (quoting *United States v. McGraw-Hill Cos, Inc.*, No. CV 13-779-DOC (JCGx), 2014 WL 1647385, at *8 (C.D. Cal. Apr. 15, 2014)).
[29] *Doherty v. Comenity Cap. Bank & Comenity Bank*, No. 16cv1321-H-BGS, 2017 WL 1885677, at *2 (S.D. Cal. May 9, 2017) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).
[30] *Cancino Castellar v. McAleenan*, No. 3:17-cv-491-BAS-AHG, 2020 WL 1332485, at *5 (S.D. Cal. Mar. 23, 2020) ("[C]ourts often link the elements of a cause of action with the discovery sought").
[31] *Garibay*, 2021 WL 4620954, at *2 (quoting *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

*Sycks et al v. Transamerica Life Insurance Company et al*  Case No. 3:22-cv-00010-JMK
Order Granting in Part Plaintiffs' Motion to Compel  Page 5

Case 3:22-cv-00010-JMK   Document 68   Filed 04/20/23   Page 5 of 14

## III. DISCUSSION

### A. Meet and Confer Requirement

Transamerica argues that Plaintiffs' Motion should be denied because Plaintiffs' meet and confer efforts consisted of one email that went unanswered.[32] Plaintiffs respond that there were ongoing meet and confer efforts regarding these discovery requests in the month leading up to January 3, 2023.[33] The Court disagrees with Plaintiffs that the pre-discovery deadline communications should count for the meet and confer requirement in connection with this Motion. Transamerica cannot be faulted for refusing to reveal their specific responses and objections to Plaintiffs' discovery requests before they were due. The process of whittling down a discovery dispute and negotiating the scope of the discovery requests is most fruitful after a party has presented their objections. Further, the Court has urged the Parties to engage in robust meet and confer processes several times.[34] The decision to seek judicial intervention should not hinge on one unanswered email. Given the history of this litigation, in any future discovery motions the Court will require the Parties submit proof of a conference involving an *exchange* regarding the substance of any objected-to discovery requests, as well as a description of the attempts to narrow the dispute before Court intervention. Discovery motions that do not include this level of detail about the meet and confer process will be summarily denied.

---

[32] Docket 64 at 8.
[33] Docket 67 at 1–2.
[34] *See* Docket 36 at 7.

*Sycks et al v. Transamerica Life Insurance Company et al*      Case No. 3:22-cv-00010-JMK
Order Granting in Part Plaintiffs' Motion to Compel      Page 6

Case 3:22-cv-00010-JMK    Document 68    Filed 04/20/23    Page 6 of 14

## B. RFPs 1–5, 15–16, 19, 29–31, and Initial Disclosures

For each of the above-listed discovery requests, Transamerica represents that it already has produced all the responsive documents in its possession or that it will produce additional documents and information responsive to these requests in the near future.[35] Accordingly, Plaintiffs' Motion to Compel is denied as moot as to these requests. To the extent that Transamerica represented that additional documents responsive to these requests were forthcoming and have not already been produced to Plaintiffs, Transamerica must produce those additional documents within fourteen (14) days of this Order.

## C. RFPs 6–9

RFPs 6 and 7 request all insurance policies that Transamerica issued at any time that contain the "scrivener's error" that Transamerica argues is present in Plaintiffs' Policy. RFPs 8 and 9 request all insurance policies that Transamerica issued to consumers in Alaska "at any time" and "since January 1, 1990."[36] Plaintiffs argue that "[t]hese requests are relevant to this action because the information is likely to lead to the discovery of admissible evidence that will prove or disprove Transamerica's defense that Lila's policy contains a scrivener's error."[37] Plaintiffs assert that such evidence includes "the identity of the scrivener, the qualifications and training of the scrivener, other policies with [sic] might show instances of the same error or the absence of error, and the methods by which Transamerica discovered the error."[38]

---

[35] *See* Docket 64 at 11–13.
[36] Docket 62-1 at 5–6.
[37] Docket 61 at 8.
[38] *Id.* at 8–9.

*Sycks et al v. Transamerica Life Insurance Company et al*　　　　　　　　　　　　　　　Case No. 3:22-cv-00010-JMK
Order Granting in Part Plaintiffs' Motion to Compel　　　　　　　　　　　　　　　　　　　　　　　Page 7

Case 3:22-cv-00010-JMK　　Document 68　　Filed 04/20/23　　Page 7 of 14

Plaintiffs have failed to carry their burden of establishing that these requests are relevant and proportional to the needs of this case. Under Alaska law, insurance contracts are interpreted in accordance with the reasonable expectations of the insured.[39] Therefore, the relevant inquiry regarding the purported scrivener's error is whether a reasonable insured would view the phrase at issue as an error and thus not rely on it when forming expectations about the meaning of the insurance contract. An inquiry about the error itself, including into how the error came to be, who made the error, and whether the error was present in other policies, is a sideshow. How other insurance consumers have interpreted the same error may have some relevance in this action, but these requests do not capture that information. Whatever minimal relevance these requests have is outweighed by the burden and expense associated with producing the requested documents. Transamerica submitted a declaration indicating that its data files cannot be searched or sorted by discrete policy provisions, particular insurance agents, or location of the insured.[40] Transamerica would have to manually search its twenty-two administrative systems to gather this information, a process that could take hundreds of hours.[41] These assertions are not "[u]nsupported, conclusory statements regarding expense and burden"; they are specific estimates supported by declaration.[42] In sum, because the relevance of these requests is minimal and the expense associated with compliance is great, the Court

---

[39] *Bering Strait Sch. Dist. v. RLI Ins. Co.*, 873 P.2d 1292, 1294 (Alaska 1994).
[40] Docket 64-2 at 3–5.
[41] *Id.*
[42] *Yphantides v. Cnty of San Diego*, No. 21cv1575-GPC(BLM), 2022 WL 3362271, at *7 (S.D. Cal. Aug. 15, 2022).

*Sycks et al v. Transamerica Life Insurance Company et al*  Case No. 3:22-cv-00010-JMK
Order Granting in Part Plaintiffs' Motion to Compel  Page 8

Case 3:22-cv-00010-JMK   Document 68   Filed 04/20/23   Page 8 of 14

concludes that these requests are disproportionate to the needs of this case, specifically because the burden of the proposed discovery outweighs its benefit. Plaintiffs' Motion to Compel is DENIED as to these requests.

D.   RFPs 10–11

RFPs 10 and 11 request information regarding the training of Charles Aubertin, the agent who sold the Policy to Plaintiffs, and "all documents, created between January 1, 1990 and the present day, which identify, refer to, or reflect the qualifications and training of any agents authorized to market Transamerica's insurance policies to consumers in the State of Alaska."[43] It is unclear to the Court how these requests are relevant, given that this case does not involve allegations of malpractice or negligence in connection with Transamerica's marketing of insurance policies. If the relevance of these requests is tied to tracking down the source of the scrivener's error, that argument for relevancy is tenuous, as explained above. Further, these requests, particularly RFP 11, are facially overbroad. The burden of this discovery outweighs its uncertain benefit. Plaintiffs' Motion to Compel is DENIED as to these requests.

E.   RFP 12

Transamerica represents that it has searched and has been unable to locate any documents responsive to this request.[44] "Absent evidence that [Transamerica] is withholding documents in its possession, the [C]ourt cannot issue an order compelling

---

[43] Docket 62-1 at 6.
[44] Docket 64 at 11.

*Sycks et al v. Transamerica Life Insurance Company et al*   Case No. 3:22-cv-00010-JMK
Order Granting in Part Plaintiffs' Motion to Compel   Page 9

Case 3:22-cv-00010-JMK   Document 68   Filed 04/20/23   Page 9 of 14

[Defendant] to produce documents it states it does not have."[45] Plaintiffs' Motion to Compel is DENIED as to this request.

F.     RFPs 13–14 and 17–18

The above-listed requests all seek information related to the training and policies utilized by Transamerica and its employees to investigate a life insurance policy lapse or termination or respond to a claim for life insurance proceeds following a lapse or termination of a life insurance policy.[46] Unlike the requests listed in Sections C and D of this Order, these requests are relevant. Specifically, they are relevant to Plaintiffs' claim for breach of the covenant of good faith and fair dealing, including Plaintiffs' allegations that Defendant's refusal to withdraw the lapse notice and continue providing the benefits of the Policy "was made without full and complete investigation by Defendants into the facts and the law, such that Defendants had no reasonable basis for this position."[47] Although these requests are relevant, they are overbroad and disproportionate to the needs of the case—they request all training, procedures, or policies relating to life insurance policy lapses covering any employee over a thirty-year time period.

To bring these requests back into the realm of proportionality, in response to these requests, Transamerica shall produce all the documents that Transamerica employees reviewed when assessing whether Plaintiffs' Policy had lapsed, whether to grant Plaintiffs' request to withdraw the lapse notice, and whether to terminate the Policy. Transamerica

---

[45] *Ogden v. Bumble Bee Foods*, LLC, 292 F.R.D. 620, 628–29 (N.D. Cal. 2013).
[46] Docket 62-1 at 7–9.
[47] Docket 26 at 3, 6–7.

*Sycks et al v. Transamerica Life Insurance Company et al*  Case No. 3:22-cv-00010-JMK
Order Granting in Part Plaintiffs' Motion to Compel  Page 10

Case 3:22-cv-00010-JMK   Document 68   Filed 04/20/23   Page 10 of 14

also shall produce documents relating to training that the employees involved in the lapse/termination decision actually received, as well any internal policies and procedures covering how to assess when life insurance policies lapse that were in effect in 2021.[48]

## G. RFPs 20–22 and 24

The above-listed requests seek the CVs, resumes, and personnel files of Transamerica employees that were involved in the Plaintiffs' Policy termination.[49] RFP 24 also requests documents confirming that "Milisa D." was a licensed insurance adjuster.[50] Transamerica argues that these files are confidential and irrelevant.[51] Transamerica also asserts that "Milisa D." is not an employee of Transamerica.[52] These documents are relevant to Plaintiffs' claim relating to Transamerica's failure to investigate and bad faith handling of Plaintiffs' Policy termination.[53] Further, as it relates to Milisa D., Transamerica received documents responsive to RFPs 15 and 16 from Milisa D.'s employer and it is unclear why it cannot do the same for RFP 24. Plaintiffs' Motion to Compel, therefore, is GRANTED as to these requests. To address any confidentiality concerns, Plaintiffs are entitled only to the work-related information contained in the requested files and not financial, family, or medical information. The Parties also are free

---

[48] *Basargin v. State Farm Mut. Auto. Ins. Co.*, No. 3:16-cv-0041-HRH, 2017 WL 8677338, at *4 (D. Alaska Jan. 11, 2017).
[49] Docket 62-1 at 9–10.
[50] *Id.* at 10.
[51] Docket 64 at 15.
[52] *Id.*
[53] *Tilden-Coil Constructors, Inc. v. Landmark Am. Ins. Co.*, No. C09-1574JLR, 2010 WL 11565904, at *1 (W.D. Wash. Nov. 3, 2010) (finding insurance adjuster employee file relevant to bad faith claims).

*Sycks et al v. Transamerica Life Insurance Company et al*  Case No. 3:22-cv-00010-JMK
Order Granting in Part Plaintiffs' Motion to Compel  Page 11

Case 3:22-cv-00010-JMK   Document 68   Filed 04/20/23   Page 11 of 14

to enter into a stipulated protective order to govern the handling of any sensitive documents in this litigation.

H.   RFPs 23, 25–26

The above-listed RFPs request Transamerica's organizational charts in effect in 2021, as well as its competency requirements to serve as a claim adjuster with responsibilities involving life insurance claims made by Alaska insureds.[54] Transamerica argues that these requests "inappropriately seek corporate information concerning Transamerica," which is irrelevant to the issues in this lawsuit.[55]  These requests are relevant to Plaintiffs' bad faith claim, but they are overbroad.  To satisfy these requests, Transamerica shall produce any organizational charts in effect in August 2021 that reflect the chain of command and reporting responsibilities of those individuals actually involved in the handling of Plaintiffs' Policy lapse and termination.  Further, regarding RFP 26, Transamerica shall produce the competency requirements for a claim adjuster with responsibilities involving life insurance claims made by Alaska insureds that were in effect in 2021.  As stated above, the Parties may enter into a stipulated protective order to protect sensitive business documents from disclosure outside of this litigation.

I.   RFP No. 27–28

RFPs 27 and 28 request copies of "all correspondence issued by Milisa D. or any other Intermediate Compliance Analyst from January 1, 2010 to the present,

---

[54] Docket 62-1 at 10–11.
[55] Docket 64 at 15.

responding to any inquiry or complaint about 'Cost of Insurance' rates" or "a termination or lapse of a policy of the 'Grace Period Provision.'"[56] Transamerica argues these documents are irrelevant and "it would be tremendously burdensome for Transamerica to locate and produce the over 13 years if correspondences requested."[57] Transamerica asserts that it does not have a central repository for such correspondences, so it would need to manually review "each and every one of its complaint files on the off-chance it contains such correspondence."[58] These requests are relevant to Plaintiffs' bad faith claim, but their scope and breadth are disproportionate, especially given the efforts Transamerica must undertake to identify these correspondences. In response to these requests and to alleviate the burden associated with searching for correspondence, Transamerica must produce all complaints or inquiries about a termination or lapse of a life insurance policy, or the "Cost of Insurance" rates, or the "Grace Period Provision" in which Milisa D. was involved from 2017 through 2021.

### J. Attorney's Fees

Plaintiffs' request an award of their reasonable attorney's fees incurred in bringing the present Motion.[59] When a discovery motion is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."[60] Although Plaintiffs' Motion is granted in part, the Court, in its

---

[56] Docket 62-1 at 11.
[57] Docket 64 at 15.
[58] *Id.* at 15–16; Docket 64-2 at 6.
[59] Docket 61 at 1.
[60] Fed. R. Civ. P. 37(a)(5)(C).

*Sycks et al v. Transamerica Life Insurance Company et al*  Case No. 3:22-cv-00010-JMK
Order Granting in Part Plaintiffs' Motion to Compel  Page 13

Case 3:22-cv-00010-JMK   Document 68   Filed 04/20/23   Page 13 of 14

discretion, declines to award any amount of attorney's fees, given the Court's belief that this Motion could have been entirely avoided with the aid of a more robust meet-and-confer process.

## IV. CONCLUSION

For the reasons articulated above, Plaintiffs' Motion to Compel is GRANTED IN PART. Any documents that the Court ordered to be produced herein shall be produced to Plaintiffs within fourteen (14) days of this Order.

IT IS SO ORDERED this 20th day of April, 2023, at Anchorage, Alaska.

                                                  */s/ Joshua M. Kindred*
                                                  JOSHUA M. KINDRED
                                                  United States District Judge

*Sycks et al v. Transamerica Life Insurance Company et al*     Case No. 3:22-cv-00010-JMK
Order Granting in Part Plaintiffs' Motion to Compel     Page 14

Case 3:22-cv-00010-JMK   Document 68   Filed 04/20/23   Page 14 of 14