IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LILA SYCKS, ESTATE OF VERNON SYCKS,<br><br>                  Plaintiffs,<br><br>  vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY, BANKERS UNITED LIFE INSURANCE COMPANY,<br><br>                  Defendants. | Case No. 3:22-cv-00010-JMK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pending before the Court at Docket 52 are Plaintiffs Lila Sycks and Estate of Vernon Sycks' ("Plaintiffs") *Motion for Partial Summary Judgment Declaring the Content and Terms of the Insurance Policy*. Transamerica Life Insurance Company[1] ("Transamerica" or "Defendant") filed a response in opposition at Docket 58. Plaintiffs filed a reply at Docket 63. The parties did not request oral argument, which the Court

---

[1] The other named defendant, Bankers United Life Assurance Company ("Bankers United"), merged into Life Investors Insurance Company of America in 2001, which then merged into Transamerica Life Insurance Company ("Transamerica") in 2008. Docket 58 at 4 n.1. Bankers United issued Plaintiffs' life insurance policy, and Transamerica is the successor-in-interest to Bankers United. *Id.* at 4. All references to Defendant in this Order shall be read to include Bankers United unless otherwise stated.

deems unnecessary for disposition of Plaintiffs' motion. For the following reasons, Plaintiffs' motion is GRANTED IN PART and DENIED IN PART.

## I. BACKGROUND

This lawsuit arises from the lapse of Plaintiffs' Last Survivor Flexible Premium Interest Indexed Universal Life Insurance Policy Number B119812 (the "Policy").[2] The Court previously provided an overview of the case's factual background in its *Order Granting in Part Defendant's Motion to Dismiss First Amended Complaint with Prejudice* at Docket 47.[3] The Court assumes familiarity here.

As relevant here, Plaintiffs seek partial summary judgment as to the content and terms of the Policy.[4] Plaintiffs assert that Bankers United issued a version of the Policy on June 25, 1993, that differs from the version currently in Defendant's possession and which Defendant asserts is the operative version.[5] The parties do not dispute much of the Policy's contents, as Defendant acknowledges that "the distinctions between the two copies of the Policy are minor and immaterial to the issues in this lawsuit."[6] However, Transamerica asserts that the operative version of the Policy contains "additional

---

[2] Docket 1-1 at 11–21 (Compl.).
[3] The Court issued a subsequent order at Docket 56 clarifying a clerical error in its order at Docket 47, but the factual overview provided at Docket 47 otherwise remains accurate.
[4] Docket 52 at 1.
[5] Docket 52 at 4–6; Docket 58 at 2. The version of the Policy Plaintiffs contend is operative is Exhibit 1 to the Sycks' complaint, which is located at Docket 9-1 at 7–38. Docket 52 at 1–2.
[6] Docket 58 at 2. Specifically, Defendant maintains that the "material terms of the Policy that are essential to resolving this lawsuit are contained in Form B250.00," which "discuss the parties [sic] obligations in relation to the premium and lapse of the Policy." *Id.* at 5. Defendant concedes that "the distinctions [between it and Plaintiffs' versions of Form B250.00] are minor and do not impact the material terms." *Id.*

*Sycks et al. v. Transamerica Life Ins. Co. et al.*     Case No. 3:22-cv-00010-JMK
Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment     Page 2
Case 3:22-cv-00010-JMK    Document 73    Filed 07/27/23    Page 2 of 12

documents . . . that should also be considered part of the Policy contract."⁷ These additional documents take the form of a signed "sales illustration"; a signed amendment to Plaintiffs' insurance application; and two merger endorsements reflecting Bankers United's mergers with other entities, including its successor's merger with Transamerica (collectively, the "Additional Documents").⁸ In Transamerica's view, the Additional Documents "should be included in the Entire Contract" representing the Policy either as part of Plaintiffs' insurance application or as subsequent amendments or endorsements thereto.⁹

Plaintiffs filed this motion seeking a declaration that the operative version of the Policy (1) is the copy filed with the Sycks' complaint and now located at Docket 9-1, and (2) excludes the Additional Documents.¹⁰ Because this lawsuit concerns the Policy's interpretation, including whether the Policy lapsed in 2021 when Plaintiffs did not pay additional premiums at Transamerica's request, the determination of the operative version of the Policy is an essential step in this case's ultimate disposition.¹¹

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden

---

⁷ *Id.* at 5–6.
⁸ *Id.* at 5–6 (first citing Docket 60-2; then citing Docket 60-3; then citing Docket 60-4; then citing Docket 60-5; and then citing Docket 60-6).
⁹ *Id.* at 10.
¹⁰ Docket 52 at 1–2, 6. Plaintiffs do not expressly request a declaration excluding the Additional Documents from the operative version of the Policy, but they do so implicitly through their request that the Court declare that the Policy is "limited to" the copy filed at Docket 9-1. *Id.* at 1–2, 6.
¹¹ Docket 52 at 5–6; Docket 58 at 4–5.

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                                                                                  Case No. 3:22-cv-00010-JMK
Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment     Page 3
Case 3:22-cv-00010-JMK    Document 73    Filed 07/27/23    Page 3 of 12

of showing that "there is an absence of evidence to support the nonmoving party's case."[12] If the moving party meets this burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'"[13] The non-moving party cannot rely on "mere allegations or denials"; instead, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party."[14]

To support or defend against a motion for summary judgment, the parties must (1) cite to particular portions of materials in the record, including, but not limited to, depositions, documents, declarations, or other discovery materials; or (2) demonstrate that the materials cited fail to establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support a factual allegation.[15] A court may, but need not, consider materials in the record to which the parties do not cite.[16] A court's focus should be on the admissibility, rather than the form, of the substance of evidence offered.[17]

In reviewing the record on a motion for summary judgment, a court must "view the facts and draw reasonable inferences" in the light most favorable to the non-

---

[12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).
[13] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quoting Fed. R. Civ. P. 56(e)).
[14] *Anderson*, 477 U.S. at 248 (citations omitted).
[15] Fed. R. Civ. P. 56(c)(1).
[16] Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).
[17] *See Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) ("At summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial." (citation and internal quotation marks omitted)).

*Sycks et al. v. Transamerica Life Ins. Co. et al.*     Case No. 3:22-cv-00010-JMK
Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment     Page 4
Case 3:22-cv-00010-JMK    Document 73    Filed 07/27/23    Page 4 of 12

moving party.[18] No genuine dispute exists "where the only evidence presented is 'uncorroborated and self-serving' testimony."[19]

## III. DISCUSSION

To prevail on their motion, Plaintiffs must show (1) the absence of any genuine dispute as to a material fact regarding the contents of the Policy and (2) that they are entitled to judgment as a material of law.

### A. The Parties' Contentions

Plaintiffs offer two pieces of evidence to support their motion: (1) the version of the Policy in their possession and (2) Ms. Sycks' deposition testimony purportedly authenticating the content of that version of the Policy.[20] Plaintiffs note that the version of the Policy in their possession contains a provision stating that the "entire contract" consists of "[a]ll of its pages, the applications, copies of which are attached at issue, and all endorsements and imprinted or attached riders."[21] In their view, this clause limits the parties' insurance contract to only the version of the Policy filed with the Court at Docket 9-1 and not the Additional Documents.[22]

In response, Defendant argues that the Additional Documents are part of the Policy because they accompanied the Policy and were signed by the Sycks around the time

---

[18] *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted).
[19] *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996)) (citing *Johnson v. Wash. Metro. Transit Auth.*, 883 F.2d 125, 128 (D.C. Cir. 1989)).
[20] Docket 52 at 4; *see also* Docket 9-1 (Plaintiffs' copy of the Policy).
[21] Docket 52 at 3 (quoting Docket 9-1 at 24).
[22] *Id.* at 5–6.

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                                                    Case No. 3:22-cv-00010-JMK
Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment     Page 5
Case 3:22-cv-00010-JMK    Document 73    Filed 07/27/23    Page 5 of 12

the contract was formed or were merger endorsements properly appended to the Policy.[23] In support, Defendant points to portions of Ms. Sycks' deposition testimony stating that she "[m]ust have" signed one of the sales illustrations and the amendment and that she recognized her and Mr. Sycks' signatures.[24] As for the merger endorsements, Defendant contends, without providing authority, that they "are required be part of the Entire Contract."[25]

**B.     Analysis**

The determination of whether a genuine issue of material fact exists often is a "close question."[26] It is "the burden of the moving party to demonstrate the absence of any material fact."[27] A material fact is one that might allow a reasonable jury to return a verdict for the nonmoving party.[28] A court's function at the summary judgment stage is not to weigh evidence or make credibility determinations, but to determine if there are genuine issues for trial.[29]

Based on the record before the Court and the parties' briefing, there is no genuine dispute as to any material fact concerning the bulk of the Policy's contents, that is, the portions of the Policy found in Exhibit 1 to the Sycks' complaint and filed with the Court at Docket 9-1. Defendant states that its version of Form B250.00 is "slightly

---

[23] Docket 58 at 6–9. Defendant acknowledges that the documents in its possession include a copy of the sales illustration that is unsigned, but it also directs the Court's attention to a copy of the illustration that the Sycks purportedly did sign. *Id.* at 6–8.
[24] *Id.* at 8 (citations omitted).
[25] *Id.*
[26] *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).
[27] *Cristobal v. Siegel*, 26 F.3d 1488, 1494 (9th Cir. 1994) (citation omitted).
[28] *Anderson*, 477 U.S. at 248.
[29] *Id.* at 249.

*Sycks et al. v. Transamerica Life Ins. Co. et al.*                                                           Case No. 3:22-cv-00010-JMK
Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment          Page 6
Case 3:22-cv-00010-JMK   Document 73   Filed 07/27/23   Page 6 of 12

different" from Plaintiffs' version, with only "minor" distinctions that "do not impact the material terms."[30] Defendant also expressed a willingness to stipulate that this version of the Policy—Exhibit 1 of the Sycks' complaint—is the operative version, albeit on the condition that Plaintiffs agreed that the sales illustration is part of the contract.[31] Based on the parties' representations, the Court finds that no genuine dispute of a material fact exists as to the core contents of the Policy and that the copy of the Policy in Plaintiffs' possession at Docket 9-1, pages 7–38, includes the operative version of the Policy for the purposes of this case. Plaintiffs therefore are entitled to summary judgment on this point.

However, a genuine dispute of material fact exists as to whether the operative version of the Policy also includes the Additional Documents. Plaintiffs' version of the Policy purportedly does not contain these documents,[32] whereas Defendant has these documents in its possession and asserts that the Policy does include them.[33] Based on the Court's review of these documents, it appears that the Sycks did indeed sign at least some of the Additional Documents, namely, an amendment to the insurance application and the sales illustration.[34] One of those documents is mostly illegible, but the other, which contains an amendment to the Sycks' insurance application and a sales illustration, is legible.[35] Although these documents appear to have been executed in July 1993,[36] nearly

---

[30] Docket 58 at 5.

[31] *Id.* at 2.

[32] *See generally* Docket 9-1.

[33] Docket 52 at 5–6.

[34] Docket 60-3 (signed amendment with some illegible pages); Docket 60-4 (signed amendment with sales illustration).

[35] Docket 60-3 (mostly illegible); Docket 60-4 (legible).

[36] Docket 60-3; Docket 60-4.

*Sycks et al. v. Transamerica Life Ins. Co. et al.* Case No. 3:22-cv-00010-JMK
Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment Page 7

two months after the Sycks submitted their application for the Policy,[37] there is no indication from the record that they were not properly added to or incorporated within the Policy as part of the application, amendments, or endorsements.[38] Ms. Sycks indicated in her deposition testimony that the amendment and sales illustration "look[] like . . . a copy of the paperwork that we filled out to buy the policy."[39] She recognized that a facsimile transmitting these documents came from the secretary of the insurance salesperson who sold her and Mr. Sycks the policy.[40] She also recognized her and Mr. Sycks' signatures on the amendment and sales illustration and testified that she does not "doubt that [she] did sign it."[41] Ms. Sycks further testified that does not think she would have signed a document without reading it.[42]

Based on the above, it is not clear from a factual standpoint whether the Policy includes or incorporates the Additional Documents. Defendant offered evidence rebutting Plaintiffs' claim that the operative version of the Policy excludes the Additional Documents in the form of the aforementioned documents that contain the Sycks' signatures and Ms. Sycks' testimony indicating that the signatures and documents are authentic. Plaintiffs offer no explanation or rebuttal concerning the Additional Documents. For

---

[37] Docket 9-1 at 30.
[38] Defendant also contends that the merger endorsements must be incorporated into the Policy, but its briefing does not identify any legal support for this proposition. Docket 58 at 8–10. Accordingly, this order does not address the merits of that unsubstantiated assertion.
[39] Docket 59-1 at 5:24–25.
[40] Docket 59-1 at 6:1–12.
[41] Docket 59-1 at 8:1–20.
[42] Docket 59-1 at 9:7–9.

*Sycks et al. v. Transamerica Life Ins. Co. et al.*  Case No. 3:22-cv-00010-JMK
Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment  Page 8
Case 3:22-cv-00010-JMK   Document 73   Filed 07/27/23   Page 8 of 12

example, Plaintiffs have not credibly argued or shown that the signatures on the Additional Documents or the Additional Documents themselves are inauthentic.[43]

Instead, the sole source of legal authority Plaintiffs cite in their motion to support their contention that the Additional Documents must be excluded is the "entire contract" provision.[44] Although the Policy contains this provision, it is established that, under Alaska law, an insurance policy may be amended.[45] Additionally, Alaska Stat. § 21.42.230 expressly allows a "rider, endorsement, or application that is part of the policy" to "amplif[y], extend[], or modif[y]" an insurance contract.[46] Plaintiffs fail to show the absence of a dispute concerning whether the Additional Documents are riders, endorsements, or applications constituting part of, and modifying, the Policy. Nor do Plaintiffs identify any caselaw supporting their contention that the Policy's "entire contract" provision excludes the Additional Documents.

Likewise, Plaintiffs' reply fails to eradicate the presence of a genuine dispute. There, Plaintiffs again focus on the "entire contract" provision, arguing that the sales illustration cannot be construed as an "application," "endorsement," or "rider" as those terms are used in the Policy.[47] Plaintiffs assert that, through the "entire contract" provision, "Transamerica clearly intended that [the Additional Documents] would NOT be included

---

[43] *See generally* Docket 52.
[44] *See generally* Docket 52.
[45] *See Maynard v. State Farm Mut. Auto. Ins. Co.*, 902 P.2d 1328, 1331 (Alaska 1995) (interpreting endorsement amending an insurance policy's medical payments coverage).
[46] *See State v. Oriental Fire & Marine Ins. Co.*, 776 P.2d 776, 779 (Alaska 1989) ("[W]here the provisions of an effective endorsement conflict with those of the insurance policy, the endorsement controls." (citing 43 Am. Jur. 2d *Insurance* § 280 (1982))).
[47] Docket 63 at 2.

*Sycks et al. v. Transamerica Life Ins. Co. et al.*     Case No. 3:22-cv-00010-JMK
Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment     Page 9
Case 3:22-cv-00010-JMK    Document 73    Filed 07/27/23    Page 9 of 12

in the contract."[48] And to the extent this provision is ambiguous, Plaintiffs urge the Court to interpret it favor of Plaintiffs as the insurance consumers.[49] This conclusory allegation contains no legal support, as it remains possible that the Policy incorporates the Additional Documents as part of the Sycks' application or as an amendment thereto. For instance, a facsimile from the insurance salesperson's secretary expressly identifies a "signed amendment" and "signed illustration," indicating that both are "delivery requirements."[50] Furthermore, a document titled "Amendment to Application for Life Insurance" contains the Sycks' signatures, dated July 16, 1993.[51] And another facsimile dated July 26, 1993, purports to provide the Sycks with a "completed amendment" and "signed illustration."[52] The attached document contains the Sycks' signatures and is stamped as "received" on July 26, 1993.[53] It also contains the sales illustration, which contains the Sycks' signatures.[54] It is possible that these documents became part of the Sycks' application and, in turn, the insurance contract between the Sycks and Bankers United.

Plaintiffs contend that "Alaska has specifically regulated the content of any life insurance 'illustration'" to prohibit fraudulent representations concerning premium payments.[55] Plaintiffs are correct that Alaska specifically and carefully regulates sales illustrations in insurance contracts, but the cited provisions of the Alaska Administrative

---

[48] *Id.* at 3–4.
[49] *Id.* at 3 n.8 (citation omitted).
[50] Docket 60-3 at 2.
[51] Docket 60-3 at 7.
[52] Docket 60-4 at 2.
[53] Docket 60-4 at 3.
[54] Docket 60-4 at 4–7.
[55] Docket 63 at 3 (quoting Alaska Admin. Code tit. 3, § 28.815(c)(7)) (citing Alaska Admin. Code tit. 3, § 28.800–849).

*Sycks et al. v. Transamerica Life Ins. Co. et al.*     Case No. 3:22-cv-00010-JMK
Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment     Page 10
Case 3:22-cv-00010-JMK     Document 73     Filed 07/27/23     Page 10 of 12

Code do not prohibit the use of sales illustrations outright or exclude them from an insurance contract.[56]

In light of the above, it is conceivable that the Policy application included some of the Additional Documents or was subject to amendments or endorsements containing or incorporating some or all of the Additional Documents into the Policy. Based on the record before the Court, the Court cannot discern whether the Additional Documents are part of the Policy, and as such a genuine dispute exists. Because the Additional Documents may bear on the fundamental issue disputed here—how the Policy's coverage and premium provisions should be interpreted—this genuine dispute concerns a material fact. Thus, Plaintiffs have not shown the absence of a genuine dispute as to this material fact, and their motion for partial summary judgment as to whether the Policy excludes the Additional Documents must be denied.

## IV. CONCLUSION

As discussed herein, Plaintiffs' *Motion for Partial Summary Judgment Declaring the Content and Terms of the Insurance Policy* at Docket 52 is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs are entitled to the following declaration:

> For the purposes of this litigation, the content and terms of the
> Last Survivor Flexible Premium Interest Indexed Universal
> Life Insurance Policy Number B119812 issued to Lila Sycks

---

[56] *See generally* Alaska Admin. Code. tit. 3, § 28.815; *cf. Wren v. Transamerica Life Ins. Co.*, No. EDCV21-178 JGB (SPx), 2021 WL 2070203, at *1, *3 (C.D. Cal. May 21, 2021) (noting life insurance contract that incorporated a sales illustration into the policy).

*Sycks et al. v. Transamerica Life Ins. Co. et al.*  Case No. 3:22-cv-00010-JMK
Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment  Page 11
Case 3:22-cv-00010-JMK   Document 73   Filed 07/27/23   Page 11 of 12

and Vernon Sycks include the document filed as Exhibit 1, pages 1–32, of the Sycks' December 6, 2021, complaint, which is filed with this Court at Docket 9-1, pages 7–38.

IT IS SO ORDERED this 27th day of July, 2023, at Anchorage, Alaska.

<div style="text-align:right">

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
United States District Judge

</div>

*Sycks et al. v. Transamerica Life Ins. Co. et al.*   Case No. 3:22-cv-00010-JMK
Order Granting in Part and Denying in Part Plaintiffs' Motion for Partial Summary Judgment   Page 12
Case 3:22-cv-00010-JMK   Document 73   Filed 07/27/23   Page 12 of 12