# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

CARY D. SYCKS, as Personal
Representative of the ESTATE OF
LILA L. SYCKS, and AARON P.
SYCKS, as Personal Representative
of the ESTATE OF VERNON D.
SYCKS,

            Plaintiffs,

   v.

TRANSAMERICA LIFE INSURANCE
COMPANY, and BANKERS UNITED
LIFE ASSURANCE COMPANY,

          Defendants.

Case No. 3:22-cv-00010-SLG

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Pending at Docket 90 is Defendant Transamerica Life Insurance Company's

("Transamerica") Motion for Summary Judgment.[1]  Plaintiffs Cary D. Sycks, as

Personal Representative of the Estate of Lila L. Sycks, and Aaron P. Sycks, as

Personal Representative of the Estate of Vernon D. Sycks, (collectively "Plaintiffs'")

responded in opposition at Docket 95 and Transamerica replied at Docket 102.

Oral argument was held on June 4, 2024.[2]  And, pursuant to the Court's request,

---

[1] Plaintiffs also named Bankers United Life Assurance Company.  Although Bankers United issued the policy at issue in this litigation, Transamerica assumed the policy obligations after Bankers United became part of Transamerica through several mergers.  Bankers United has not appeared in the case.

[2] Docket 104.

Transamerica and Plaintiffs each filed supplemental briefing at Dockets 125 and 127, respectively.

## BACKGROUND

This dispute relates to the alleged lapse of a Last Survivor Flexible Premium Interest Indexed Universal Life Insurance Policy Number B119812 ("the Policy"). In June 1993, Lila and Vernon Sycks purchased the Policy, which provided a death benefit of $231,160.42, from Bankers United Life Assurance Company.[3] At the time the Policy was issued, the Syckses paid a premium of $50,000.[4] As a result of several mergers, Transamerica assumed the Policy's obligations from Bankers United.[5] Plaintiffs' claim is based on one line on the "Policy Specifications" page at the beginning of the Policy, which states "Maximum Total Premium: $50,000.00."[6] The Policy Specifications page also references a "Maximum Annual Premium: $5,184.93."[7]

Other provisions in the Policy state that the insureds are to be paid a death benefit in effect on the date the last insured dies plus any additional insurance on the last insured's life provided by riders for which additional premiums are paid,

---

[3] Docket 9-1 at 9, 30; *see also* Docket 73 (granting summary judgment that "[f]or the purposes of this litigation, the content and terms of [the Policy] include the document . . . filed with this Court at Docket 9-1, pages 7–38").

[4] *See* Docket 9-1 at 2, 9, 13.

[5] Docket 47 at 1 n.1.

[6] *See* Docket 9-1 at 9.

[7] Docket 9-1 at 9.

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 2 of 25

Case 3:22-cv-00010-SLG    Document 128    Filed 12/13/24    Page 2 of 25

less any loan balance or monthly deductions due.[8]  The Policy provides that "[p]remiums may be paid in any amounts, and at any time, [the insureds] elect," subject to certain limitations.[9]  The Policy further specifies that "[a] premium will be required if, on the last day of a policy month, the Policy Value is less than the Monthly Deduction scheduled to be made" and that, following a grace period, non-payment will result in the Policy's lapse.[10]  The Monthly Deduction equals "the sum of the base policy cost of insurance, rider premiums and the monthly expense charge for the Policy Month then ending."[11]

Shortly after issuing the Policy in June 1993, Bankers United advised the Syckses that they would need to sign an illustration of their policy and complete an amendment.[12]  On July 26, 1993, the Syckses faxed a signed Completed Amendment and the signed Flexible Premium Universal Life Insurance Policy Illustration (the "Illustration") to Bankers United.[13]  On the second page of the Illustration, there is a warning that "[u]nder guaranteed assumptions[,] the policy

---

[8] Docket 9-1 at 12–13.

[9] Docket 9-1 at 13.

[10] Docket 9-1 at 14.

[11] Docket 9-1 at 15.

[12] Docket 60-2 at 2 ( "This file will be closed on 7/30/93 if the above requirements [the Completed Amendment and signed Illustration] are not received by that date.").

[13] Docket 60-4; *see also* Docket 60-3 (showing an initial fax of these documents was transmitted on July 21, 1993, but the documents were illegible); Docket 59-1 at 8 (Ms. Sycks testifying that she recognized both signatures on the Illustration and has "no reason to doubt" that she signed it).

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 3 of 25

Case 3:22-cv-00010-SLG    Document 128    Filed 12/13/24    Page 3 of 25

will lapse in year 24."[14]  And a chart of the first page of the Illustration shows that the Guaranteed Death Benefit is $231,160 for the first 23 years of the Policy, then drops to zero for each year thereafter.[15]  Although Ms. Sycks authenticated the signatures on the Illustration as hers and her husband's, Plaintiffs assert this Illustration is not part of their insurance contract with Transamerica.[16] Transamerica responds that whether the Illustration is part of the Policy is immaterial for purposes of the resolution of this motion.[17]

In a previous order, this Court concluded that a dispute of material fact existed as to whether the Policy includes the Illustration.[18]  However, the Court then noted that Transamerica had provided evidence that the Illustration and the signatures it contains are authentic and that Plaintiffs had not produced credible evidence to the contrary.[19]

On June 3, 2021, Transamerica notified the Sycskes by letter that the Policy "was in danger of lapsing" and that, to prevent a lapse and, thereafter, termination

---

[14] Docket 60-4 at 5.

[15] Docket 60-4 at 4.

[16] Docket 95 at 6.

[17] Docket 102 at 4.

[18] Docket 73 at 8.  Transamerica asserts that Bankers United also provided the Sycskes with a Statement of Policy Cost and Benefit Information ("Statement") in 1993.  Docket 90 at 10. Plaintiffs maintain that this Statement was not provided to Plaintiffs in 1993.  Docket 95 at 5–6. The record does not clearly demonstrate that the Sycskes received and reviewed the Statement in 1993, so the Court will not rely on it at all for purposes of this motion.

[19] Docket 73 at 8–9.

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 4 of 25

Case 3:22-cv-00010-SLG    Document 128    Filed 12/13/24    Page 4 of 25

of the Policy, the Syckses would need to pay an additional premium of $21,683.12 by August 2, 2021.[20] Surprised, the Syckses reached out to their insurance broker, Nic White, who, both independently and with Ms. Sycks, contacted Transamerica for further information about the potential lapse of the Policy and the Policy's long term care rider.[21] The Syckses sought to confirm that the Policy included that rider before committing to any payment of additional premium because Vernon Sycks was suffering from dementia at the time that they received Transamerica's June 2021 letter.[22] In response to Mr. White's inquiries, Transamerica stated that this rider no longer provided coverage and did not any provide further information.[23] Mr. White then contacted a colleague, Paul Larrabee, and asked that he inquire with Transamerica on the Syckses' behalf.[24] When Mr. Larrabee reached out to Transamerica for a copy of the original sales illustration, a Transamerica representative responded that the Policy was "an Old Bankers United Policy" and that Transamerica did not have a record of the original sales illustration.[25]

---

[20] Docket 1-1 at 87. Transamerica later extended the deadline to October 2, 2021. *See* Docket 96-5 at 13.

[21] Docket 96-4 at 3–7. This rider is referred to variously throughout the record as the "long-term care and accelerated death benefit rider," Docket 96-4 at 6, the "Accelerated Death and Health Care Facility Benefit rider," *e.g.*, Docket 9-1 at 32, and the "Terminal Illness Accelerated Death Benefit rider," *e.g.*, Docket 96-5 at 18.

[22] Docket 95-1 at ¶ 3.

[23] Docket 96-4 at 5–9; *but see* Docket 9-1 at 32–38 (including as part of the Policy the Accelerated Death and Health Care Facility Benefit rider).

[24] Docket 96-4 at 8–9.

[25] Docket 96-4 at 14.

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 5 of 25

Case 3:22-cv-00010-SLG     Document 128     Filed 12/13/24     Page 5 of 25

The Syckses retained counsel, who asked Transamerica to justify its demand for the additional premium payment.[26] On August 20, 2021, Transamerica responded in a letter that explained:

> Each month, a sum is deducted from the accumulation value to pay for the cost of insurance. These monthly deductions, or costs of insurance, are based upon the insureds' gender, age, smoking status, ratings and the amount of coverage at risk. Monthly deductions generally increase as the insureds get older.
> While the initial premium of $50,000 may have been deemed a sufficient payment at the time of issue, there must always be sufficient accumulated value to pay the monthly cost of insurance. If the accumulation value is too low to pay the monthly deductions . . ., additional premiums are required to maintain the coverage.[27]

The letter further warned that the coverage would terminate if the Syckses did not make the additional premium payment by October 2, 2021.[28]

Through counsel, the Syckses followed up with additional correspondence.[29] In a letter dated October 1, 2021, Transamerica responded by reiterating its understanding that the Policy required the additional premium payment to prevent a lapse and clarified that, although the initial $50,000 premium was sufficient to carry the Policy until its 24th year, a decline in the interest rate

---

[26] See Docket 96-5 at 12. The communications from Sycks' counsel do not appear to be in the Court record.

[27] Docket 96-5 at 12.

[28] See Docket 96-5 at 13.

[29] See Docket 96-5 at 18–19.

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 6 of 25

Case 3:22-cv-00010-SLG    Document 128    Filed 12/13/24    Page 6 of 25

and increase in the Monthly Deduction caused a decline in the accumulation value and the necessity of the additional premium.[30]

The Syckses did not pay the additional premium Transamerica asserted was due. Instead, in December 2021, the Syckses initiated this lawsuit in Alaska state court.[31] Transamerica removed the case to federal court.[32] Plaintiffs' First Amended Complaint asserts a claim for a declaratory judgment that Transamerica is contractually obligated to reinstate the Policy and continue it without requiring the payment of any additional premium.[33] The First Amended Complaint additionally asserts damages claims for breach of contract, bad faith, and negligent misrepresentation.[34] The Court previously dismissed Plaintiffs' claim for intentional misrepresentation.[35]

Since the filing this of case, both Lila and Vernon Sycks have passed away, and Cary Dean Sycks, the Personal Representative of the Estate of Lila Sycks, and Aaron P. Sycks, the Personal Representative of the Estate of Vernon D. Sycks, were substituted as plaintiffs.[36]

---

[30] Docket 96-5 at 18–19.

[31] Docket 1-1.

[32] Docket 1.

[33] Docket 26 at 4–5.

[34] Docket 26 at 5–7.

[35] Docket 47 at 20–24.

[36] Docket 46 (order substituting the Estate of Vernon Sycks); Docket 107 (Fed. R. Civ. P. 25(a)(1) Statement Noting Death of Lila Sycks); Docket 116 (order substituting the personal

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 7 of 25

Case 3:22-cv-00010-SLG     Document 128     Filed 12/13/24     Page 7 of 25

Transamerica now moves for summary judgment on the remaining claims.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the movant.[37] If the movant meets this burden, the non-moving party must demonstrate "specific facts showing that there is a genuine issue for trial."[38] The non-moving party may not rely on "mere allegations or denials";[39] rather, to reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[40] When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[41]

representatives for Lila Sycks and the Estate of Vernon Sycks).

[37] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[38] *Id.* at 324 (quoting Fed. R. Civ. P. 56(e) (1986)); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[39] *Anderson*, 477 U.S. at 248 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)).

[40] *Id.*

[41] *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 8 of 25

Case 3:22-cv-00010-SLG     Document 128     Filed 12/13/24     Page 8 of 25

**DISCUSSION**

**A.**    **Summary Judgment to Transamerica with Respect to Plaintiffs' Claim for Declaratory Relief Is Warranted**

Transamerica asserts that the Court should grant it summary judgment on Plaintiffs' claim for a declaratory judgment that Transamerica must keep the Policy in force without the Syckses having to pay an additional premium.[42] Transamerica maintains that the undisputed terms of the Policy provide that additional premiums would be required to prevent the Policy from lapsing in the circumstances here.[43] Further, they contend that the Illustration and the Statement, which Transamerica maintains Bankers United provided to the Syckses in 1993 after issuing the Policy, demonstrate that Plaintiffs could not have had a reasonable expectation that additional premiums would never be required.[44]

Plaintiffs respond that summary judgment to Transamerica is not appropriate with respect to their claim for declaratory relief.[45] They maintain that the Syckses' reasonable expectations were that no additional premiums would be required to prevent lapse because the Policy's Specifications page states "Maximum Total Premium: $50,000" and no other provision in the Policy clearly

---

[42] Docket 90 at 18.

[43] Docket 90 at 19–20.

[44] Docket 90 at 20–24.

[45] Docket 95 at 16–19.

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 9 of 25

Case 3:22-cv-00010-SLG     Document 128     Filed 12/13/24     Page 9 of 25

contradicts that provision.[46]  Plaintiffs further submit that whether the Illustration is part of the Policy is a disputed material fact that requires resolution by a jury.[47] And Plaintiffs assert that "Transamerica has offered no evidence" that the "Statement was disclosed to [Ms. Sycks] back in 1993 when the insurance contract issued."[48]

"Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law."[49]  Whether declaratory relief is proper is a procedural matter, so federal procedural law—the Declaratory Judgment Act, 28 U.S.C. § 2201—applies.[50]  "State law, however, controls the substantive issues . . . ."[51]

Pursuant to the Declaratory Judgment Act, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."[52]  Here, the requested

---

[46] Docket 95 at 17–18.

[47] Docket 95 at 18–19.

[48] Docket 95 at 5–6.

[49] *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

[50] *Douglass v. Bank of Am. Corp.*, Case No. CV-12-0609-JLQ, 2013 WL 2245092, at *5 (E.D. Wash. May 21, 2013); *see also Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 753 (9th Cir. 1996), *overruled on other grounds by Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998) (en banc).

[51] *Diversified Cap. Invs., Inc. v. Sprint Commc'ns, Inc.*, Case No. 15-cv-03796-HSG, 2016 WL 2988864, at *9 (N.D. Cal. May 24, 2016).

[52] 28 U.S.C. § 2201.

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 10 of 25

Case 3:22-cv-00010-SLG     Document 128     Filed 12/13/24     Page 10 of 25

declaratory relief hinges on the Court's interpretation of the Policy. "The construction of an insurance contract is a matter for the court, unless its interpretation is dependent upon the resolution of controverted facts."[53] "In addressing the proper interpretation of an insurance policy [under Alaska law], [courts] look to '(1) the language of the disputed provisions in the policy, (2) other provisions in the policy, (3) extrinsic evidence, and (4) case law interpreting similar provisions.'"[54] "Insurance policies are construed in such a way as to honor the reasonable expectations of a layperson seeking coverage."[55] Alaska law requires that courts construe ambiguity in insurance policies in favor of the insured.[56] But "ambiguity exists only when the contract, taken as a whole, is *reasonably* subject to differing interpretations."[57]

As the Court discussed in its previous order, there is a dispute of material fact with respect to whether the Illustration is part of the insurance contract

---

[53] *O'Neill Investigations, Inc. v. Illinois Emp. Ins. of Wausau*, 636 P.2d 1170, 1173 (Alaska 1981) (internal citation omitted).

[54] *State Farm Mut. Auto. Ins. Co. v. Houle*, 269 P.3d 654, 657–58 (Alaska 2011) (quoting *Allstate Ins. Co. v. Teel,* 100 P.3d 2, 4 (Alaska 2004)).

[55] *United Servs. Auto. Ass'n v. Neary*, 307 P.3d 907, 910 (Alaska 2013) (citation omitted); *see also Safety Nat. Cas. Corp. v. Pac. Emps. Ins. Co.*, 927 P.2d 748, 750 (Alaska 1996) ("Insurance contracts are interpreted in accordance with the reasonable expectations of the insured. This is true even if painstaking study of the policy provisions would have negated those expectations." (internal quotation marks and citations omitted)).

[56] *Allstate Ins. Co. v. Falgoust*, 160 P.3d 134, 138 (Alaska 2007).

[57] *Downing v. Country Life Ins. Co.*, 473 P.3d 699, 704 (Alaska 2020) (emphasis in original) (internal quotation marks and citations omitted).

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 11 of 25

Case 3:22-cv-00010-SLG    Document 128    Filed 12/13/24    Page 11 of 25

between the parties, but no dispute that the Syckses reviewed and signed it in July 1993.[58] For the purposes of the present motion, the Court assumes that the Illustration is not part of the contract, but rather extrinsic evidence. There is also a dispute as to whether the Statement was provided to the Syckses in 1993. Therefore, for the purposes of this motion, for which the Court views the facts in the light most favorable to the non-moving party, the Court assumes that the Syckses did not receive the Statement in 1993.

The Policy itself is not reasonably subject to differing interpretations with respect to whether premiums beyond the initial $50,000 the Syckses paid in 1993 would be required to keep the Policy in force. Although the Policy's "Policy Specifications" section states "Maximum Total Premium: $50,000.00,"[59] the remainder of the Policy contains detailed provisions explaining that additional premiums may be required.[60] These terms explain that, although an "initial premium is due on the Policy Date," additional premiums would be required to keep the Policy from lapsing under certain circumstances.[61] Specifically, the Policy provides that "[a] premium will be required if, on the last day of a policy month, the

---

[58] Docket 73 at 7–9.

[59] Docket 9-1 at 9.

[60] Docket 9-1 at 7, 13–16.

[61] Docket 9-1 at 13.

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 12 of 25

Case 3:22-cv-00010-SLG     Document 128     Filed 12/13/24     Page 12 of 25

Policy Value is less than the Monthly Deduction scheduled to be made."[62]  The Policy defines the Policy Value as the "sum of premiums paid and interest earned less the sum of Monthly Deductions and Withdrawals" and defines Monthly Deductions as the "sum of monthly cost of insurance . . . and expense charges deducted from the Policy Value on the first day of each Policy Month."[63]  And it explicitly warns that the Policy "will lapse without further value" if, after a grace period, no required premium is paid.[64]  Essentially, to keep the Policy in force, the Syckses would need to make premium payments when necessary to ensure that the Policy's value always exceeded the expenses associated with its maintenance. Given these terms, the only reasonable interpretation of the Policy when read as a whole is that it would lapse if a sufficient Policy Value was not maintained with adequate premium payments,[65] notwithstanding the statement on the Policy Specifications page that the "Maximum Total Premium" was "$50,000."[66]

---

[62] Docket 9-1 at 14.

[63] Docket 9-1 at 11–12.

[64] Docket 9-1 at 14.

[65] *Downing*, 473 P.3d at 705 ("Terms of an insurance contract must be interpreted as a whole, not simply by the policy's first page.").

[66] *See, e.g., Downing*, 473 P.3d at 704–06 (concluding that the terms of a life insurance policy, tables therein, illustrations, and other evidence precluded an insured from having a reasonable expectation based on a chart); *Hahn v. GEICO Choice Ins. Co.*, 420 P.3d 1160, 1170–71 (Alaska 2018) (recognizing that courts cannot "consider a single [contract] term in isolation"); *cf. Dugan v. Atlanta Cas. Cos.*, 113 P.3d 652, 655 (Alaska 2005) (internal quotation marks and citation omitted) (recognizing that even when contract drafting is sloppy and careless, if reasonable interpretation favors the insurer, and any other would be strained and tenuous, no compulsion exists to torture or twist the language of the contract).

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 13 of 25

Case 3:22-cv-00010-SLG    Document 128    Filed 12/13/24    Page 13 of 25

Moreover, the statement "Maximum Total Premium: $50,000.00" is not as clear as Plaintiffs make it out to be. On the same page, the Policy indicates "Maximum Annual Premium: $5,184.93."[67] The inclusion of these two maximum premium amounts and the fact that the Syckses paid an initial premium that significantly exceeded the Maximum Annual Premium indicates that these are terms an insured should reasonably expect that the Policy will further define and explain.

Extrinsic evidence in the form of the Illustration confirms that the Syckses could not have reasonably expected that no additional premium would be required to keep the Policy in force. Under Alaska law, a court may examine extrinsic evidence to construe a contract whether or not it has made a preliminary finding that the contract is ambiguous.[68] "The extrinsic evidence that may be considered includes 'the language and conduct of the parties, the objects sought to be accomplished and the surrounding circumstances at the time the contract was negotiated,' as well as the conduct of the parties after the contract was entered into."[69]

Shortly after the Syckses purchased the Policy, they signed the Illustration, which warned that "[u]nder guaranteed assumptions[,] the policy will lapse in year 24."[70] Further, the Illustration includes a chart that shows that, assuming the

---

[67] Docket 9-1 at 9.

[68] *Nautilus Marine Enters., Inc. v. Exxon Mobil Corp.*, 305 P.3d 309, 316 (Alaska 2013).

[69] *Id.* (quoting *Peterson v. Wirum,* 625 P.2d 866, 870 n.7 (Alaska 1981)).

[70] Docket 60-4 at 3–5 (signature dated July 16, 1993); *see also* Docket 9-1 at 9, 30 (showing that

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 14 of 25

Case 3:22-cv-00010-SLG    Document 128    Filed 12/13/24    Page 14 of 25

Syckses pay no additional premium beyond the initial premium, the guaranteed death benefit remains equal to the policy's face value—$231,160—until the Policy's 24th year.[71] Thereafter, assuming no additional premiums were paid, the guaranteed death benefit and the Policy's guaranteed cash value are zero for all future years.[72] The Illustration reinforced and concretized the terms of the Policy: that if no additional premiums were paid apart from the initial $50,000, there would be no guaranteed death benefit after year 24. Effectively, the chart shows that, without additional premiums, the Policy would lapse without further value at that time. The Syckses' signing of the Illustration provides further evidence that the Syckses could not have reasonably expected that the Policy would never require additional premiums to prevent lapse.

The Alaska Supreme Court held that a life insurance policy was not ambiguous in circumstances similar to those present here. In *Downing v. Country Life Insurance Company*, there was an apparent inconsistency between information on the policy's first page and later, more detailed provisions in the policy.[73] There, Amy Downing purchased a whole life policy with a "Paid-Up

---

the Syckses signed the Policy on May 24, 1993 and it was issued June 25, 1993).

[71] Docket 60-4 at 4.

[72] Docket 60-4 at 4.

[73] 473 P.3d 699 (Alaska 2020).

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 15 of 25

Additions Rider" ("PUAR") that would provide an additional death benefit.[74] Following Amy's death less than two years later, her mother, Kathleen, to whom Amy had assigned the policy, brought suit because the insurer paid out less than she expected under the PUAR.[75] The insurer had paid a benefit of $108,855 on the PUAR.[76] Kathleen alleged that the chart on the first page of the policy appeared to show the PUAR provided a death benefit of $1,095,741 and maintained the Court should "stop right here in [the] analysis" because "the first page of the policy flatly, singularly, and unqualifiedly declares its death-benefit 'AMOUNT' to be $1,095,741."[77]

The Alaska Supreme Court acknowledged "that the first page of the policy is misleading."[78] Nonetheless, the Court concluded that the "[t]erms of an insurance contract must be interpreted as a whole, not simply by the policy's first page."[79] Among other things, the Court considered that "[t]he PUAR directs the policyholder to the 'policy specifications,'" that a second chart clearly shows the guaranteed cash value of the PUAR and amount of paid-up insurance each year premiums are paid, and that a policy illustration "make[s] clear that the cash value

---

[74] *Id.* at 700.

[75] *Id.* at 701–702.

[76] *Id.* at 701.

[77] *Id.* at 704 (alteration in original) (internal quotation marks omitted).

[78] *Id.* at 704.

[79] *Id.* at 705.

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 16 of 25

and amount of paid-up insurance provided by the terms of the PUAR change over time."[80] "Because the PUAR is clear that, unlike whole life insurance, it has a value that increases over time, it would be unreasonable for a policyholder to believe that the PUAR conferred a flat death benefit of over one million dollars in its second year."[81] Thus, "[e]ven though the policy is a contract of adhesion, after taking into account the terms of the PUAR, the table of guaranteed values in the policy, the illustrations provided to Amy and Kathleen, and [the insurer's employee's] conversation with Amy, a policyholder could not have an objectively reasonable expectation that the PUAR would pay a flat death benefit of $1,095,741 in the second year of the policy."[82]

Here too, the inclusion of a single misleading term at the beginning of the Policy does not render the Policy reasonably susceptible to differing interpretations. As in *Downing*, considering the contract as a whole and the Illustration as extrinsic evidence, the policyholders could not have had a reasonable expectation that no additional premium would ever be required to keep the Policy in force, even though it contained a misleading statement indicating a limit on the maximum total premium. Therefore, summary judgment to Transamerica is appropriate with respect to Plaintiffs' claim for a declaratory

---

[80] *Id.* at 705.

[81] *Id.* at 705.

[82] *Id.* at 706.

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 17 of 25

Case 3:22-cv-00010-SLG    Document 128    Filed 12/13/24    Page 17 of 25

judgment that Transamerica must keep the Policy in force without Plaintiffs having to pay any additional premium.

## B. Summary Judgment to Transamerica on Plaintiffs' Breach of Contract Is Warranted

Transamerica asserts that summary judgment dismissing Plaintiffs' breach of contract claim is warranted because Plaintiffs cannot establish that Transamerica breached the Policy.[83]  As it argued with respect to Plaintiffs' claim for declaratory relief, Transamerica contends that the Policy's terms provided that it would lapse if a positive policy value was not maintained via premium payments and extrinsic evidence confirmed the same.[84]

Plaintiffs respond that the "demand for payment of additional premium of $21,683.12 was not permitted by the contract which specified 'Maximum Total Premium: $50,000.00'" and that "Transamerica's declaration that the policy lapsed for lack of payment of additional premium of $21,683.12 was a breach of the contract."[85]  They further argue that there are factual disputes with respect to whether the signed Illustration was part of the Policy or relevant extrinsic evidence and whether the Statement was provided to the Syckses in 1993.[86]

---

[83] Docket 90 at 24–25.

[84] Docket 90 at 25.

[85] Docket 95 at 18.

[86] Docket 95 at 18–19.

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 18 of 25

Case 3:22-cv-00010-SLG    Document 128    Filed 12/13/24    Page 18 of 25

"Establishing breach of contract requires proof of the existence of a contract, breach, and damages."[87] Summary judgment is warranted with respect to Plaintiffs' breach of contract claim because Plaintiffs cannot establish that Transamerica breached the Policy. As discussed above, the Policy is clear that additional premium would be required to keep it in force at some point after 2017. And even with both factual disputes resolved in Plaintiffs' favor, summary judgment to Transamerica is warranted—the Illustration further supports that interpretation of the Policy, and the Cout has not given any consideration to the Statement. Thus, Transamerica's demand for payment of an additional premium in 2021 did not constitute a breach of the terms of the Policy.

## C. Summary Judgment to Transamerica Is Warranted on Plaintiffs' Bad Faith Claim

Transamerica asserts that it is entitled to summary judgment on Plaintiffs' bad faith claim because Plaintiffs cannot show that Transamerica's lapse notice and demand for additional payment lacked a reasonable basis.[88] Specifically, Transamerica argues that the 2021 lapse notice and request for additional premium were reasonable as both acts were consistent with the Policy.[89] Plaintiffs respond that Transamerica acted with reckless indifference to Lila Sycks' interests

---

[87] *Societe Fin., LLC v. MJ Corp.*, 542 P.3d 1159, 1166 (Alaska 2024) (internal quotation marks and citations omitted).

[88] Docket 90 at 25–27.

[89] Docket 90 at 25–27.

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 19 of 25

Case 3:22-cv-00010-SLG     Document 128     Filed 12/13/24     Page 19 of 25

under the Policy; Plaintiffs point to what they assert are contradictory letters sent to Ms. Sycks from Transamerica on August 20, 2021 and August 27, 2021.[90] The first of these letters included an attachment that referenced the Policy's inclusion of the Terminal Illness Accelerated Death Benefit rider, whereas the second letter denied that any such benefit was included in the Policy.[91] The second letter references an inquiry that Ms. Sycks had sent regarding the Terminal Illness Accelerated Death Benefit rider, but that communication from her does not appear to be in the record.[92]

All contracts in Alaska carry an implied duty of good faith and fair dealing.[93] For insurance contracts, "breach of this covenant by the insurer gives the insured a cause of action sounding in tort," which is commonly referred to as the tort of bad faith in the insurance context.[94] The Alaska Supreme Court has not precisely defined the elements of the tort of bad faith in an insurance contract.[95] However,

---

[90] Docket 95 at 15–16.

[91] Docket 96-5 at 12–15 (August 20, 2021 letter and attachment); Docket 96-10 at 7 (August 27, 2021 letter); Docket 96-5 at 18 (October 1, 2021 letter).

[92] *See* Docket 96-5 at 18 ("Concerns were shared when Mrs. Sycks received a letter from our Claims Department referencing a claim submitted under the Terminal Illness Accelerated Death Benefit."); *but see* Docket 91-4 at 2 ("Q. Have you ever made a claim for the -- under the medical rider?" A. No.").

[93] *Lockwood v. Geico Gen. Ins. Co.*, 323 P.3d 691, 697 (Alaska 2014).

[94] *Id.*

[95] *Id.* ("Although we have declined to define the elements of the tort of bad faith in an insurance contract, our precedent makes clear that the element of breach at least requires the insured to show that the insurer's actions were objectively unreasonable under the circumstances.").

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 20 of 25

Case 3:22-cv-00010-SLG     Document 128     Filed 12/13/24     Page 20 of 25

this Court has previously "identified two elements: (1) that the insurer lacked a reasonable basis for denying coverage and (2) that the insurer had knowledge that no reasonable basis existed to deny the claim or acted in reckless disregard for the lack of a reasonable basis for denying the claim."[96]

The denial of coverage claim that the Syckses allege in their First Amended Complaint is not a claim that they were denied the Terminal Illness Accelerated Death Benefit, but rather that Transamerica refused to continue providing benefits under the Policy without payment of additional premiums and did not fully investigate the situation.[97] Having pled this bad faith claim, Plaintiffs cannot assert a new legal theory based on one of Transamerica's communications related to the Terminal Illness Accelerated Death Benefit rider at the summary judgment stage.[98] And, in any event, Ms. Sycks testified that she never made a claim under that medical rider; hence, there was no denial of such a claim, which is an essential element of an insurance bad faith claim.[99]

Therefore, summary judgment is warranted on Plaintiffs' bad faith claim. "The Alaska Supreme Court has clearly held that insurers act reasonably where

---

[96] *KICC-Alcan Gen., Joint Venture v. Crum & Forster Specialty Ins. Co., Inc.*, 242 F. Supp. 3d 869, 880 n.98 (D. Alaska 2017) (internal quotation marks and citations omitted).

[97] *See* Docket 26 at ¶¶ 12–14.

[98] *Christianson v. United States*, 706 F. Supp. 3d 1057, 1071 (D. Idaho 2023) ("It is impermissible to add a new claim or assert a new legal theory for the first time at the summary judgment stage." (first citing *Echlin v. PeaceHealth*, 887 F.3d 967, 977–78 (9th Cir. 2018); and then citing *Navajo Nation v. United States Forest Serv.*, 535 F.3d 1058, 1080 (9th Cir. 2008))).

[99] Docket 91-4 at 2.

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 21 of 25

Case 3:22-cv-00010-SLG     Document 128     Filed 12/13/24     Page 21 of 25

they take a defensible legal position about the extent of their liability or the interpretation of the law."[100]  As discussed above, the Policy is clear that additional premium would be required to keep it in force at some point after 2017.  Therefore, Transamerica took a defensible legal position and did not lack a reasonable basis to terminate the Policy for nonpayment of the additional premium.

**D.    Transamerica Is Entitled to Summary Judgment on Plaintiffs' Negligent Misrepresentation Claim**

Lastly, Transamerica seeks summary judgment on Plaintiffs' claim for negligent misrepresentation.[101]  This claim asserts that Transamerica made false representations about the content and terms of the Policy, on which the Syckses relied, and further seeks punitive damages.[102]  Transamerica maintains that Plaintiffs cannot show that they relied on any misrepresentation by Transamerica or its representatives regarding the contents of the Policy.[103]  Transamerica asserts that it did not materially misrepresent the Policy when, in communications with the Syckses, it enclosed a copy with minor deviations in the Policy language from Plaintiffs' copy of the Policy, as this Court has already determined that there

---

[100] *U.S. ex rel. N. Star Terminal & Stevedore Co. v. Nugget Const., Inc.*, Case No. 3:98-cv-00009-TMB, 2006 WL 2251122, at *5 (D. Alaska July 28, 2006) (first citing *Hillman v. Nationwide Mut. Fire Ins. Co.*, 855 P.2d 1321, 1325 (Alaska 1993); and then citing *Peter v. Progressive Corp.*, Case No. S-11416, 2006 WL 438658, at * 6 (Alaska Feb. 22, 2006)).

[101] Docket 90 at 27–29.

[102] Docket 26 at ¶¶ 6, 16–19, 35–40.

[103] Docket 90 at 28; *see* Docket 73 at 6–7.

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 22 of 25

Case 3:22-cv-00010-SLG    Document 128    Filed 12/13/24    Page 22 of 25

are no material differences between the two copies.[104]    Furthermore, Transamerica contends that Plaintiffs cannot show justifiable reliance, as the record shows that Ms. Sycks never read the October 1, 2021 correspondence from Transamerica; rather, Ms. Sycks testified that she did not read the correspondence and that she relied on her own copy of the Policy and did not take or refrain from taking action based on the Transamerica's correspondence.[105]

Plaintiffs respond that the "justifiable reliance element is satisfied in this case by the testimony . . . of Lila Sycks, relative to the original representations made by the insurer back in 1993, the description of Lila's failed inquiry and request for information made through Broker White and also the description given under oath by Cary Sycks, Lila's son, of what his mother Lila did, or decided not to do, following Transamerica's demand for additional premium."[106]

To establish a claim of negligent misrepresentation, a plaintiff must demonstrate that: "(1) the party accused of the misrepresentation . . . made [a] statement in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, (2) the representation must supply false information, (3) there must be justifiable reliance on the false information supplied, and (4) the accused party must have failed to exercise reasonable care

---

[104] Docket 90 at 28.

[105] Docket 90 at 28–29; Docket 91-4 at 6–7 (Ms. Sycks' deposition).

[106] Docket 95 at 14.

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 23 of 25

Case 3:22-cv-00010-SLG    Document 128    Filed 12/13/24    Page 23 of 25

or competence in obtaining or communicating the information."[107]  A plaintiff must have actually relied on the false information provided.[108]  And the plaintiff's reliance must have caused a loss.[109]

Plaintiffs have not produced evidence that they justifiably relied on any alleged misrepresentation by Transamerica.  In his affidavit, Cary Sycks avers that Vernon Sycks suffered from dementia in 2022 and that he believes Lila Sycks would have applied for benefits under the Policy's Accelerated Death Benefit rider had the Policy not been terminated in October 2021.[110]  But this is not justifiable reliance on false information, for this Court has determined that the additional premium was required to keep the Policy in effect.  Cary Sycks further avers that Ms. Sycks "relied upon the content of Transamerica's letters [dated August 20, 2021 and October 1, 2021, which discussed the Policy's potential lapse if no premium was paid,] in making her decision to sue Transamerica."[111]  But this is not actionable reliance either.  To the extent that Ms. Sycks relied on those letters in deciding to sue Transamerica, that is not reliance that caused her an actionable

---

[107] *Reeves v. Alyeska Pipeline Serv. Co.*, 56 P.3d 660, 670–71 (Alaska 2002) (internal quotation marks and citations omitted).

[108] *Recreational Data Servs., Inc. v. Trimble Navigation Ltd.*, 404 P.3d 120, 126 (Alaska 2017) ("A plaintiff who knows that a statement is false cannot justifiably rely on it." (internal quotation marks and citations omitted)).

[109] *Id.* (citing *Lightle v. State, Real Estate Comm'n*, 146 P.3d 980, 983 (Alaska 2006)) (noting that this element applies to both fraudulent and negligent misrepresentation claims).

[110] Docket 95-1 at ¶ 3.

[111] Docket 95-1 at ¶ 5.

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 24 of 25

Case 3:22-cv-00010-SLG     Document 128     Filed 12/13/24     Page 24 of 25

loss. Accordingly, Plaintiffs have not produced evidence of justifiable reliance on a misrepresentation, and summary judgment to Transamerica is warranted with respect to Plaintiffs' negligent misrepresentation claim.

**E.    The Court Need Not Reach Transamerica's Arguments Regarding Alaska Statute § 21.36.280**

Finally, Transamerica asserts that AS § 21.36.280 immunizes it from Plaintiffs' claims in this case because each claim arises from communications between Transamerica and Plaintiffs regarding the lapse of the Policy and there is no evidence showing that Transamerica or its agents knew their statements were untrue.[112]  Plaintiffs do not address whether AS § 21.36.280 applies in this case.[113] Because the Court has concluded that Transamerica is entitled to summary judgment on all claims, it does not reach this issue.

## CONCLUSION

For the foregoing reasons, Transamerica's Motion for Summary Judgment at Docket 90 is GRANTED.   All Plaintiffs' claims are DISMISSED WITH PREJUDICE.   The Clerk of Court is instructed to enter a final judgment for Transamerica accordingly.

DATED this 12th day of December, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[112] Docket 90 at 29–30.

[113] *See* Docket 95.

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motion for Summary Judgment
Page 25 of 25

Case 3:22-cv-00010-SLG     Document 128     Filed 12/13/24     Page 25 of 25