Gordon Rees Scully Mansukhani, LLP
P.O. Box 220994, Anchorage, AK 99522

George M. Cruickshank
ABA No. 0105019
Gordon Rees Scully Mansukhani, LLP
P.O. Box 220994
Anchorage, AK 99522
Phone: (907) 223-0199
Email: gcruickshank@grsm.com

Shannon L. Wodnik (*Pro Hac Vice*)
Kyle J. Silk-Eglit (*Pro Hac Vice*)
Gordon Rees Scully Mansukhani, LLP
701 Fifth Ave., Ste. 2100
Seattle, WA 98104
Phone: (206) 695-5100
Email: swodnik@grsm.com; ksilkeglit@grsm.com

Franz Hardy (*Pro Hac Vice*)
Gordon Rees Scully Mansukhani, LLP
555 Seventeenth St., Ste. 3400
Denver, CO 80202
Phone: (303) 534-5160
Email: fhardy@grsm.com

*Attorneys for Defendant Transamerica Life Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

CARY D. SYCKS, as Personal Representative of the ESTATE OF LILA L. SYCKS and AARON P. SYCKS, as Personal Representative of the ESTATE OF VERNON D. SYCKS,

Plaintiffs,

v.

TRANSAMERICA LIFE INSURANCE COMPANY; and BANKERS UNITED LIFE ASSURANCE COMPANY,

Defendants.

Case No. 3:22-cv-00010-SLG

## DEFENDANT'S MOTION FOR ATTORNEY'S FEES

## I. REQUESTED RELIEF

Defendant Transamerica Life Insurance Company ("Transamerica"), pursuant to Federal Rule of Civil Procedure 54(d)(2) and Local Civil Rule 54.2 respectfully moves this Court for an award of attorney's fees pursuant to Alaska Rule of Civil Procedure 82 because this Court has diversity jurisdiction and Alaska law applies.

## II. BACKGROUND

Plaintiffs filed this lawsuit in Alaska state court asserting state law causes of action. Transamerica removed the lawsuit to federal court on the basis of diversity jurisdiction. Transamerica filed two motions to dismiss at the onset of this lawsuit, obtaining dismissal of Plaintiffs' cause of action for fraud. During the discovery phase of litigation, Transamerica sought to limit the cost of litigation by limiting its own discovery to the depositions of Plaintiff Lila Sycks and Plaintiffs' expert witness Roger Holmes. Transamerica also significantly limited the extensive discovery sought by Plaintiffs through motion practice. After discovery was complete, Transamerica successfully moved for summary judgment, resulting in dismissal of Plaintiffs' lawsuit with prejudice on December 13, 2024. Judgment was issued the same day. Plaintiffs subsequently filed a Motion for Reconsideration, which is currently pending.

## III. LEGAL ARGUMENT

Transamerica seeks an award of attorney fees against Plaintiffs under Alaska Rule of Civil Procedure. 82. Local Civil Rule 54.2 expressly includes Alaska Rule of Civil Procedure 82 as a permissible ground for authority for a motion for attorney's fees.

**Gordon Rees Scully Mansukhani, LLP**
P.O. Box 220994, Anchorage, AK 99522

This Court has diversity jurisdiction pursuant to 28 U.S.C.A. § 1332. A federal court exercising diversity jurisdiction must apply state law when ruling on a motion for an award of attorney fees. *City of Fairbanks v. Amoco Chemical Co.*, 836 F.Supp. 690, 691 (D. Alaska 1993) citing *Klopfenstein v. Pargeter*, 597 F.2d 150, 152 (9th Cir. 1979).

Under Alaska Rule of Civil Procedure 82(b) "a trial court is obligated to award the prevailing party in a suit resolved before trial twenty percent of its actual attorney's fees. If the trial court deviates from this formula, it must provide a written explanation for doing so." *Nichols v. State Farm Fire & Cas. Co.*, 6 P.3d 300, 305 (Alaska 2000). "But the trial court is under no obligation to give reasons for an award that complies with the percentages expressed in Rule 82(b)(2)." *Id.*

As demonstrated in the invoices, Transamerica has necessarily incurred significant attorney's fees defending against Plaintiffs' lawsuit. See Declaration of Shannon L. Wodnik and exhibits thereto. To date, Transamerica's counsel has expended more than 1500 hours, including work by paralegals, to successfully bring this lawsuit to judgment. *Id.* Work by counsel included, but was not limited to, review of extensive records relating to a policy issued over 30 years ago, two motions to dismiss, responding to extensive written discovery and a motion to compel, a stipulated protective order, depositions of eight witnesses and one expert witness, two motions for summary judgment, including oral argument and supplemental briefing, and motions for reconsideration.

## IV. CONCLUSION

For the foregoing reasons, Transamerica respectfully requests that the Court grant its Motion for Attorney's fees pursuant to Alaska Rule of Civil Procedure 82.

**Gordon Rees Scully Mansukhani, LLP**
P.O. Box 220994, Anchorage, AK 99522

Dated: December 27, 2024

GORDON REES SCULLY MANSUKHANI, LLP
Counsel for Transamerica Life Insurance Company

By: *s/Shannon L. Wodnik*
George M. Cruickshank, ABA No. 0105019
Shannon L. Wodnik, *Pro Hac Vice*
Franz Hardy, *Pro Hac Vice*
Kyle J. Silk-Eglit, *Pro Hac Vice*

**Gordon Rees Scully Mansukhani, LLP**
P.O. Box 220994, Anchorage, AK 99522