IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CARY D. SYCKS, as Personal Representative of the ESTATE OF LILA L. SYCKS, and AARON P. SYCKS, as Personal Representative of the ESTATE OF VERNON D. SYCKS,<br><br>     Plaintiffs,<br>  v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY, and BANKERS UNITED LIFE ASSURANCE COMPANY,<br><br>     Defendants. | Case No. 3:22-cv-00010-SLG |

**ORDER ON MOTIONS FOR ATTORNEY'S FEES**

Pending at Docket 135 is Defendant Transamerica Life Insurance Company's ("Transamerica") Motion for Attorney's Fees. Plaintiffs Cary D. Sycks, as Personal Representative of the Estate of Lila L. Sycks, and Aaron P. Sycks, as Personal Representative of the Estate of Vernon D. Sycks (collectively "Plaintiffs'") responded in opposition at Docket 138 and Transamerica replied at Docket 146. Additionally, pending at Docket 141 is Transamerica's Supplemental Motion for Attorney's Fees. Plaintiffs responded in opposition at Docket 143 and Transamerica replied at Docket 146.

**LEGAL STANDARD**

Alaska Rule of Civil Procedure 82 governs the award of attorney's fees for state law claims heard in federal court.[1] Rule 82 provides that "the prevailing party in a civil case shall be awarded attorney's fees calculated under this rule."[2] "In cases in which the prevailing party recovers no money judgment, the court . . . award[s] the prevailing party in a case resolved without trial 20 percent of its actual attorney's fees which were necessarily incurred."[3] A court may vary this award if it determines a variation is warranted upon consideration of several factors, including the reasonableness of the attorneys' hourly rates and the number of hours expended, the reasonableness of the numbers of attorneys used, the attorneys' efforts to minimize fees, and the reasonableness of the claims and defenses pursued by each side, among other things.[4] In addition, a court may consider "the relationship between the amount of work performed and the significance of the matter at stake," "the extent to which the fees incurred by the prevailing party suggest that they had been influenced by considerations apart

---

[1] *See Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 974 (9th Cir. 2013).

[2] Alaska R. Civ. P. 82(a).

[3] Alaska R. Civ. P. 82(b)(2).

[4] Alaska R. Civ. P. 82(b)(3).

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motions for Attorney's Fees
Page 2 of 8
Case 3:22-cv-00010-SLG   Document 152   Filed 04/14/25   Page 2 of 8

from the case at bar, such as a desire to discourage claims by others against the prevailing party or its insurer," and "other equitable factors deemed relevant."[5]

Pursuant to the District of Alaska's Local Civil Rule 54.2, "[a] motion for attorney's fees . . . must: (a) state the amount requested; (b) set forth the authority for the award. . . ; and (c) be accompanied by a declaration or affidavit that demonstrates the reasonableness of the requested award and includes: (1) the total number of hours worked and billing rate for each lawyer and paraprofessional; (2) the customary fee charged in similar matters in the District of Alaska; (3) the amount charged to the client, if any; and (4) itemized billing records."[6]

## DISCUSSION

Transamerica moves for attorney's fees necessarily incurred in this litigation. In its initial motion, Transamerica indicated that counsel and paralegals had expended "more than 1500 hours in this matter, totaling $570,957.00 in attorney's fees."[7] But in its supplemental motion, Transamerica indicated that it had incurred $518,215, despite asserting that it had expended further time responding to a motion for reconsideration.[8] Transamerica seeks 20% of that amount, or

---

[5] Alaska R. Civ. P. 82(b)(3)(H), (J), (K).

[6] L. Civ. R. 54.2.

[7] Docket 136 at ¶ 6.

[8] Docket 142 at ¶ 6. The Court assumes the updated figures accompanying Transamerica's supplemental motion are the most accurate.

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motions for Attorney's Fees
Page 3 of 8

$103,643, in attorney's fees.[9] Plaintiffs respond that the Transamerica's counsel's declaration supporting its requests for fees is insufficient and appears to include hourly rates based on the Seattle, Washington market.[10] Plaintiffs further assert that Transamerica's attorney's rates are greater than the rates one of these attorneys charged in a different insurance matter and that Transamerica's needlessly incurred fees by filing two unfounded motions to dismiss.[11] Moreover, Plaintiffs suggest that the number of attorneys used and hours charged in this case suggest there was duplication of effort.[12] Finally, Plaintiffs contend that Transamerica's supplemental motion for fees is an improper attempt to reply and should be disregarded.[13]

The Court will consider Transamerica's supplemental motion; of note, doing so benefits Plaintiffs since the amount of fees sought in that motion is less than in the initial motion.

Transamerica was the prevailing party in this matter as summary judgment was granted in its favor and the claims alleged against it dismissed.[14] Additionally, the hourly rates charged—$415 per hour for a partner, $315 per hour for of

---

[9] Docket 135-1 at 2.

[10] Docket 138 at 2.

[11] Docket 138 at 3–4.

[12] Docket 138 at 4.

[13] Docket 143.

[14] Docket 128.

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motions for Attorney's Fees
Page 4 of 8
Case 3:22-cv-00010-SLG   Document 152   Filed 04/14/25   Page 4 of 8

counsel, another attorney, and senior counsel, and $175.00 per hour for paralegals—are reasonable and consistent with rates in the District of Alaska that this Court has recognized, with some adjustment for inflation.[15]

However, the Court finds the number of hours incurred by the defense in this case was not reasonable or "necessarily incurred." Counsel Shannon Wodnik avers that counsel and paralegals put in "more than 1500 hours in this matter" and indicates that "[w]ork by counsel included, but was not limited to, review of extensive records relating to a policy issued over 30 years ago, two motions to dismiss, responding to extensive written discovery and a motion to compel, a stipulated protective order, depositions of eight witnesses and one expert witness, two motions for summary judgment, including oral argument and supplemental briefing, and motions for reconsideration."[16] In the declaration accompanying the supplemental motion for fees, Ms. Wodnik provides further detail, indicating that she spent 961.4 hours on this matter, other attorneys for Transamerica spent an additional 341.1 hours, and paralegals spent 61.7 hours.[17]

---

[15] *See, e.g., TD Ameritrade, Inc. v. Matthews*, Case No. 3:16-cv-00136-SLG, 2022 WL 17752138, at *7 (D. Alaska Dec. 19, 2022) (collecting cases) ("[F]ederal and state courts in Alaska have found rates ranging from $275 to $400 per hour to be reasonable for Alaska attorneys, depending on their years of experience and the subject matter."); *Johnson v. Barber & Assocs. LLC*, Case No. 3:24-cv-00214-SLG, 2025 WL 417786, at *3 (D. Alaska Feb. 6, 2025) (awarding fees at an hourly rate of $350 to an experienced attorney).

[16] Docket 136 at ¶ 6; Docket 135 at 3.

[17] *See* Docket 142 at ¶ 7.

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motions for Attorney's Fees
Page 5 of 8
Case 3:22-cv-00010-SLG   Document 152   Filed 04/14/25   Page 5 of 8

Plaintiffs assert that "[a]ll fees Transamerica incurred pursuing two meritless Rule 12(b)(6) motions should be disregarded as unreasonably incurred."[18] Further, they maintain that "Transamerica's motions to dismiss telegraph a message to elderly life insurance consumers that they should not challenge the position of an insurance company."[19] With respect to this latter point, motions to dismiss are a routine element of civil litigation, particularly in federal court, and their use does not supply a reason to vary Rule 82 fees. More importantly, the Alaska Supreme Court has rejected as "untenable" an interpretation of Alaska Civil Rule 82 that apportions fees based on a party's success with respect to a particular issue.[20] "Rather, [Rule 82] expressly provides that a reasonable award of fees shall be made, at the trial court's discretion, to the *prevailing party*."[21] The Court therefore declines to exclude all fees related to Transamerica's motions to dismiss in this matter.

But the Court finds a downward adjustment is warranted because the number of hours spent by the defense on the case is excessive. The format of the billing records submitted to the Court makes it difficult to determine how many

---

[18] Docket 138 at 3.

[19] Docket 138 at 4.

[20] *Gold Bondholders Protective Council v. Atchison, Topeka & Santa Fe Ry. Co.*, 658 P.2d 776, 779 (Alaska 1983); *see also Belluomini v. Fred Meyer of Alaska, Inc.*, 993 P.2d 1009, 1017 (Alaska 1999) (rejecting the argument that fees should not be awarded because they were related to unsuccessful motions).

[21] *Gold Bondholders Protective Council*, 658 P.2d at 779 (emphasis in original).

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motions for Attorney's Fees
Page 6 of 8
Case 3:22-cv-00010-SLG   Document 152   Filed 04/14/25   Page 6 of 8

hours were expended on any particular task. But the overall number of hours billed—approximately 1500 hours—equates to nearly three-quarters of a year of full time work dedicated to this one case involving a discrete issue of contract interpretation in which the total amount in dispute was $231,160.42—considerably less than half the amount of attorney's fees defense counsel incurred.[22] Clearly, the extent of the fees incurred by the prevailing party, relative to the amount at stake in this case, suggests that considerations apart from the case at bar, such as a desire to discourage similar claims by others against Transamerica, may have been a substantial factor in the defense resources devoted to this case. For this reason, the Court finds that an award of 15% of the fees actually incurred is appropriate, rather than 20%, and therefore will award Transamerica attorney's fees of $77,732.

## CONCLUSION

For the foregoing reasons, Transamerica's Supplemental Motion for Attorney's Fees at Docket 141 is GRANTED and Transamerica's Motion for Attorney's Fees at Docket 135 is DENIED AS MOOT. The Court awards attorney's

---

[22] It bears noting that if Plaintiffs had prevailed in this case, they would have been entitled to only $18,370 in fees under the Rule 82(b)(1) schedule applicable to parties who recover a money judgment. Although this asymmetry is "usually both acceptable and benign," *Reed v. Williams*, 964 P.2d 453, 461 (Alaska 1998), here it further supports the Court's finding that the relationship between the amount of legal work performed by the defense and the significance of the matters at stake warrant a substantial reduction in the fee award.

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motions for Attorney's Fees
Page 7 of 8
Case 3:22-cv-00010-SLG   Document 152   Filed 04/14/25   Page 7 of 8

fees in the amount **$77,732.**  The Clerk of Court is directed to amend the Final Judgment accordingly.

DATED this 14th day of April, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:22-cv-00010-SLG, *Sycks, et al. v. Transamerica Life Insurance Co., et al.*
Order on Motions for Attorney's Fees
Page 8 of 8
Case 3:22-cv-00010-SLG     Document 152     Filed 04/14/25     Page 8 of 8